LAUREEN HOUSTON, a Minor, by her Mother and Next Friend, ROSALIE HOUSTON, Plaintiff-Appellee, *v.* SHARON ZIMMERMAN, Defendant-Appellant.

(No. 12771;

Fourth District—July 28, 1975.

Costigan, Wollrab, Fraker, Wochner & Nierynck, of Bloomington, for appellant.

Thomson, Thomson, Zanoni & Flynn, of Bloomington, for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

An action was brought in the Circuit Court of McLean County on behalf of plaintiff Laureen Houston, a minor by Rosalie Houston, her mother and next friend, against Sharon Zimmerman for personal injuries arising out of an occurrence in the City of Bloomington on September 6, 1969. At a jury trial, a verdict was returned for the defendant. After a hearing on a post-trial motion, the trial judge found the verdict to be contrary to "the manifest weight of the evidence" and granted a new trial. Defendant brings this appeal after having obtained leave to do so pursuant to Supreme Court Rule 306 (Ill. Rev. Stat., ch. 110A, par. 306).

On the morning of September 6, 1969, defendant, an adult, was driving east on Olive Street in Bloomington. Linda Uhles was riding with her in the right front seat. The street in the area of the occurrence was narrow. Parking was permitted only on the north side, and some cars were parked there. Defendant testified that she saw the minor plaintiff running across a yard on the south side of the street. Both defendant and Linda Uhles testified that Linda warned defendant of the child's presence. Both also testified that the child then approached the curb and stopped. The car continued to travel east at a speed of about 15 miles per hour, and as it passed by the point where the child was the car and the child collided. The child rolled forward some 25 feet and came to a stop just off the south curb and in the street, and the car came to a stop further east. The principal injury the child received was a broken left femur. The attending doctor testified that it would take a great deal of force to break that bone in a person of that child's age.

Plaintiff Laureen Houston, who was 6 years old at the time injured and

11 at the time of the trial, testified that she had walked from the back yard to the front yard and started to cross the street to see a friend, Sheila Paul, who had previously crossed the street and gotten into a car. Laureen stated that she looked both ways prior to entering the street and saw no cars coming. She then entered the street and was hit. Sheila Paul, 13 years old at time of trial, testified that she was in a car across the street at the time. She saw Laureen go to the curb, step out, and then step back. Defendant then went by and obstructed her vision of Laureen. When Sheila next saw Laureen, she was lying partly in the street and partly out of the street on the south side. Sheila further said that defendant's car stopped in the middle of the street. She vaguely remembered a bus going by.

The defendant testified that a bus was coming towards her on Olive Street as she approached the accident scene and that she saw the bus before she saw the child. She thought that the bus had turned off before passing her. She saw the child stop between the curb and the sidewalk at which time the child was looking up the street to the east. Defendant testified that as her car passed the spot where the girl was, she heard impact at the area of the front fender as it goes over the right wheel. Defendant said that the right side of her car was 3 or 4 feet from the curb at the time of impact but admitted that she had earlier said that it was 6 feet from the curb. She said she did not see the child at the last instant.

Linda Uhles testified that the bus did pass them as they passed the girl and that she also heard contact at the right front wheel area. She admitted that she had given a prior statement in which she said that the defendant and the child were both watching the bus and that the child then stepped in front of the car when they were 5 feet away and was hit.

Mathew Gray, aged 19 at the time of trial, testified that he was in the yard adjacent to where the minor plaintiff was at the time of the occurrence. He said that he saw defendant's car pass plaintiff as she stood on the curb and that although the wheels on the car did not go up on the curb, the car's left front bumper hit Laureen as she stood on the curb, knocking her forward and causing her to roll some 25 feet. Upon seeing this, he became nauseated and entered the house.

The decisions of the appellate courts of this State have not been consistent in describing the standard to be applied by a trial court in civil cases in ruling on a motion requesting a new trial based upon the weight of the evidence. Many of the opinions of the appellate courts have stated that the trial court should grant a new trial when the verdict is contrary to the "preponderance of the evidence." (*Doerr v. Palm*, 1

Ill.App.3d 902, 274 N.E.2d 889; *Skiba v. Ruby,* 113 Ill.App.2d 170, 251 N.E.2d 771; *Rodriguez v. Chicago Transit Authority,* 58 Ill.App.2d 150, 206 N.E.2d 828.) The jury determines the preponderance of the evidence on the criterion of whether a fact is "more probably true than not true" (IPI—Civil No. 21.00 (2d ed.)). Several of the cases applying the "preponderance of the evidence" test as the trial court standard in granting a new trial clearly indicate that they intend the phrase to have a different meaning when applied by the trial court rather than by the jury. In *Read v. Cummings,* 324 Ill.App. 607, 59 N.E.2d 325, it is stated that the trial court must consider the determination the jury has made. In *Buer v. Hamilton,* 48 Ill.App.2d 171, 175, 199 N.E.2d 256, 258, the opinion stated: "Courts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable."

To say that a trial judge may grant a new trial if the verdict is contrary to the "preponderance of the evidence" is, at best, confusing. If it be conceded that the trial judge is not a second jury and may not grant a new trial on the basis of the weight of the evidence merely because he thinks that a contrary result is more reasonable, then it would appear that he may do so only if he believes that a contrary result is "clearly apparent." In *Roth v. Lissner Iron & Metal Co.,* 88 Ill.App.2d 352, 355, 232 N.E.2d 534, 536, the court said, "A verdict is against the 'manifest weight' [of the evidence] when an opposite conclusion is 'clearly apparent'." The court then proceeded to rule that the verdict in that case had not been contrary to the manifest weight of the evidence and reversed the trial court's order granting a new trial.

Similarly, in *Dailey v. Hill,* 99 Ill.App.2d 474, 241 N.E.2d 683; *Dobson v. Rosencranz,* 81 Ill.App.2d 439, 226 N.E.2d 296; and *Foster v. Van Gilder,* 65 Ill.App.2d 373, 213 N.E.2d 421, although referring to neither the "preponderance of the evidence" nor "manifest weight" standards, the court implied a criterion similar to the "manifest weight" standard. In *Dailey v. Hill* in reversing a trial court order granting a new trial, the opinion contained the following:

> "Determination of the weight to be accorded conflicting testimony, the drawing of inferences from the evidence, and resolving issues of fact such as negligence are preeminently matters for the jury and not for the judge. In the proper exercise of his discretion a judge may not set aside a verdict and grant a new trial unless it is clear that the verdict resulted from passion or prejudice or is wholly unwarranted by the evidence. E.g., Morella v. Melrose Park Cab Co., 65 Ill.App.2d 175, 212 N.E.2d 106; Foster v. Van

Gilder, 65 Ill.App.2d 373, 213 N.E.2d 421. The verdict here is amply supported by the weight of the evidence and must be allowed to stand." 99 Ill.App.2d 474, 479, 241 N.E.2d 683.

In March of 1974, the Supreme Court decided *Bank of Marion v. Robert "Chick" Fritz, Inc.*, 57 Ill.2d 120, 311 N.E.2d 138, involving a suit for breach of an alleged contract. After a jury verdict for the defendant, the trial court allowed plaintiff's motion for judgment notwithstanding the verdict and also conditionally allowed an alternate motion for a new trial. The supreme court affirmed the appellate court's reversal of both rulings and as to the conditional ruling on the motion for a new trial stated:

> "A verdict may not be set aside simply because the trial judge believes a different conclusion would be more reasonable. (*Guthrie v. Van Hyfte*, 36 Ill.2d 252.) In this case we do not find that the verdict of the jury was against the manifest weight of the evidence. Consequently it was error to conditionally grant a new trial." 57 Ill.2d 120, 126.

■■ In the instant case, the trial judge stated that he found the verdict to be contrary to the manifest weight of the evidence. Both by the precedent of *Bank of Marion v. Robert "Chick" Fritz, Inc.*, and by logic, he stated the proper rule. We must next determine if the rule was properly applied.

In *Wade v. Gorman*, 15 Ill.App.2d 289, 145 N.E.2d 767, the defendant, driving a car, approached a spot where he had seen school children alight from a school bus and standing by the road on the opposite side. At 50 feet from the children when he was going 15 miles per hour, they darted across the street in front of him. He applied his brakes but hit the last child to cross. He did not sound his horn and, since there was no other traffic on the street, could have swerved but did not do so. On review, the appellate court reversed a judgment on the verdict for the defendant and remanded for a new trial for the reason that the verdict was contrary to the manifest weight of the evidence. On the other hand, in *Maddox v. Smith*, 67 Ill.App.2d 374, 214 N.E.2d 5, a child also ran from the opposite side of the street out in front of an automobile and was hit. Skid marks indicated that the driver was going a lawful speed of 25 to 30 miles per hour and did not brake until the child ran in front of her. A verdict for the defendant was upheld on appeal.

The facts in the case under consideration are quite dissimilar from either case. The plaintiff contends that the defendant's right front bumper hit the child while she was standing on the curb. There was no evidence that the wheels of defendant's car ever went over the curb. Since the bumper on a car extends several inches wider than the wheels

of the car, this might have happened if the wheels of the car were touching the curb. For the trial court to have assumed that it did would have been an abuse of discretion, for both defendant and her passenger testified that the wheels were at least a foot from the curb and the child herself said she was in the street when hit.

Unlike the situations in *Wade* and *Smith* the child here was on the same side of the street as the defendant. If she was hit by the car, it was the right front of the car immediately after she stepped into the street. If she walked into the side of the car, it was to the right front of the car just as it was passing her. Which ever way it might have happened makes little difference because once defendant proceeded to pass the child even at 15 miles per hour she could not have swerved or stopped to prevent either happening. If the child started to cross without seeing defendant's car, it was only a matter of split second timing, not under the child's control, as to whether she moved in front of the car or to its side.

■■■ Since the child was under 7 years of age, the exercise of care on her part is not an issue in the case (*Maskaliunas v. Chicago & Western Indiana R.R. Co.*, 318 Ill. 142, 149 N.E. 23). The conduct of the defendant must be judged by the reasonableness of her decision to proceed knowing the child to be present. Her alternatives were to stop or at most, to proceed at a creeping speed. It is contended that it was negligence as a matter of law for plaintiff to proceed. Whether her decision to do so was negligent, therefore, is the type of decision which is described in *Dailey* as being "preeminently" a "matter for the jury."

Plaintiff also relies on section 75(c) of the then-in-force Uniform Act Regulating Traffic on the Highways (Ill. Rev. Stat. 1967, ch. 95½, par. 172(c)), which required motorists to give warning by horn to pedestrians on the roadway and to exercise care for children on the roadway. The evidence here is strong that the child was on the roadway only a split second prior to contact.

■■ The trial judge granted a new trial solely on the weight of the evidence. Since we deem the factual questions before the jury in this case to be of substantially even weight and the ultimate question of defendant's conduct to be one preeminently for the jury, we rule the trial judge's granting of a new trial to be improper. We, therefore, reverse.

Reversed.

TRAPP, P. J., and CRAVEN, J., concur.