THE CITY OF LOCKPORT, Plaintiff, *v.* THE COUNTY BOARD OF SCHOOL TRUSTEES, WILL COUNTY *et al.,* Defendants-Appellants.—(BRUCE D. CHEADLE *et al.,* Substituted Plaintiffs-Appellees.)

Third District   No. 75-441

Opinion filed October 19, 1976.

Martin Rudman, State's Attorney, and Bertani & Wilson, both of Joliet, for appellants.

Saxon, Niznik & Peterson, of Plainfield (John E. Peterson, of counsel), for appellees.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendants County Board of School Trustees of Will County and Board of Education Lockport Grade School District No. 91, appeal from an order of the Circuit Court of Will County, Illinois, which found the issues in this cause in favor of plaintiffs Bruce D. Cheadle and others and the City of Lockport. Cheadle and others were citizens and taxpayers of the City of Lockport who had substituted themselves for the original

plaintiff, City of Lockport. The order of the Circuit Court of Will County declared that the fee title to certain real property, known as "The Lockport Public Square," was vested in the City of Lockport, impressed with a public trust, and dedicated perpetually as a public square for the use and benefit of the public.

The action with which we are concerned was instituted by a complaint filed by the City of Lockport seeking declaratory relief which would establish the city's rights in the Lockport Public Square and, also, seeking an injunction, restraining defendants from selling property. This case was first brought to this court when the present plaintiffs appealed from an order denying their motion to substitute for the City of Lockport. In *City of Lockport v. County Board of School Trustees* (3d Dist. 1971), 2 Ill. App. 3d 970, 276 N.E.2d 13, this court upheld plaintiffs' right to be substituted for the City of Lockport in the proceeding.

Following remand after that decision, the complaint of plaintiffs was challenged by a motion to dismiss, which was granted by the trial court. Plaintiffs appealed from such order of dismissal and in *Cheadle v. County Board of School Trustees* (3d Dist. 1974), 20 Ill. App. 3d 212, 313 N.E.2d 195, we concluded that plaintiff's complaint was sufficient to withstand the motion to dismiss. In such opinion we also indicated rules of law which should apply if the facts developed in a hearing actually supported the complaint which was filed. On remand from this decision, the trial court held a trial of issues which were presented by the pleadings, without limitation, considered lengthy arguments of counsel and received written briefs submitted by the parties. In its opinion, the trial court, first recited in detail some of the determinations made for guidance of the trial court in our second opinion, in which we directed that the trial court proceed with the case and make determinations "not inconsistent with this opinion."

The trial court then stated that it felt bound by the second opinion of this court to enter the order which was entered by the trial court. The court, in the process of so doing, recited that the trial court made no findings of fact. This was after the trial court had permitted the parties to present any evidence which they desired on any of the issues to be brought before the court in a full and comprehensive trial. The trial court concluded by finding the issues for the plaintiff and as against the defendants and ordered that a decree be entered in accordance with such recital. The decree itself recites that the court makes no findings of fact or conclusion of law and decreed that the fee title to the public square was in the City of Lockport, impressed with a public trust and dedicated perpetually as a public square for the use and benefit of the public. The court also ordered the County Board of School Trustees and the Board of

Education of Lockport Grade School District No. 91, their agents and servants and successors, to be perpetually restrained and enjoined from selling or otherwise disposing of or encumbering the public square.

■■ We could conclude from the action of the trial court that the trial court had determined that the evidence which was presented supported the complaint of plaintiff, and that the trial court was thereby bound to enter the orders which were in fact entered. In view of certain recitals in the trial court's judgment, however, we believe that it is appropriate that we remand this cause to the trial court for the purpose of making findings of fact and conclusions of law consistent with our previous direction. When a trial court's judgment is reversed by this court and the cause remanded, the trial court is clearly bound by our determination of all questions decided and can only act in such proceedings in a manner as conforms to the appellate court judgment. (*Schulenburg v. Signatrol, Inc.* (1967), 37 Ill. 2d 352.) Similarly, under the "law of the case doctrine" this court is now bound by the particular views of law announced in our prior opinions in this case, unless facts are presented to this court requiring a different interpretation. *Zerulla v. Supreme Lodge Order of Mutual Protection* (1906), 223 Ill. 518; *Presbyterian Distribution Service v. Chicago National Bank* (1st Dist. 1962), 36 Ill. App. 2d 1.

In our first review of this case, we dealt with the substitution of the present plaintiffs for the City of Lockport. In upholding the right of plaintiffs to substitution, we stated that "we express no opinion as to the merits of the question of title to the public square." As the issues were presented at that time, there was no determination of the merits of the question of title nor a need for further guidance to the trial court. We made a few observations which we thought would be helpful to the trial court in the trial proceeding which was to be undertaken in the trial court.

In the second appeal to the court we were concerned with the sufficiency of plaintiffs' complaint as tested by the motion to dismiss. In this opinion, we accepted the well-pleaded facts of plaintiffs' complaint as true for the purposes of review. The allegations of the complaint which was challenged were set forth in such opinion (20 Ill. App. 3d 212(1974)). We concluded in that decision that the plaintiffs' complaint does in fact state a cause of action and we made further observations in that opinion for the guidance of the trial court on specific issues in the case, notably as to the effect of the plat made by the commissioners of the Illinois and Michigan Canal as a "statutory plat." We also made certain observations on other issues which were tested by the motion to dismiss the complaint and which would clearly be involved in the ultimate determination of this cause.

On the remand from the second opinion of this court in this case, it

became the normal duty of the trial court to proceed with the case appropriately in a manner consistent with the second appellate opinion. Normally, the trial court, after trial of the issues, should have made findings of ultimate fact from the evidentiary facts which were developed at the trial. Such ultimate facts may or may not have coincided in whole or in part, with the facts which were assumed for the purpose of review in the second opinion set forth in the complaint. The trial court, normally, after making findings of fact, was privileged to draw conclusions of law based upon the findings of fact, provided such conclusions were consistent with the directions of the court and the law as outlined in the appellate opinions. If the facts found by the trial court were consistent with the facts recited in the complaint and assumed by this court in the second opinion to be true, then the trial court would be strictly bound by our prior decisions to find the issues for plaintiffs and as against defendants. If the facts, as found by the trial court, differed in any material respect from the facts assumed in *Cheadle* (1974), the trial court should gauge the materiality of those differences and draw from the court's understanding of the law and from our prior decisions in this case, taken as guidelines, appropriate conclusions of law. Had the court concluded, in determining this case, that the facts were consistent with the complaint, and the court accordingly found the issues for plaintiffs and as against defendants, then the omission to make findings of fact would have been supplied by the conclusion of the court that the facts recited in the complaint were supported by the evidence in the case.

■■ This court has been urged to make findings of fact on review and dispose of this case. We are not unmindful that the litigation has endured for seven years and that a swift end to the dispute on behalf of all the parties is desirable. In view of the recital of the trial court, however, we believe that the preferable procedure is to remand this case to the trial court for the purpose of having the trial court make findings of fact and drawing conclusions of law based on those facts and the guidance supplied by this court in its opinions, as a basis for an order to be entered by the trial court in this cause. We believe that such procedure is desirable and is consistent with the best interests of the parties, as the most effective means of reaching a final determination at an early date. In support of such conclusion, upon remandment of this case to the trial court, we direct that no further evidence be heard, but that the trial court make findings of fact and conclusions of law and enter appropriate orders consistent therewith as guided by the previous opinions of this court and by applicable standards of law, where the previous opinions may not sufficiently direct the trial court.

It seems reasonable to suggest that the trial court proceed in this cause,

at the earliest convenient opportunity, and make such findings, conclusions and judgment thereon, not later than 90 days from the date upon which the mandate following this opinion is issued in this case.

For the reasons stated, therefore, the order of the trial court in this cause is vacated and this cause is remanded with directions to the trial court to make such findings of fact as are warranted by the evidence in the trial court which was held before the court, to draw conclusions of law consistent with the opinions heretofore rendered in this cause in the appellate court, and to enter such appropriate judgment as is not inconsistent with this opinion and the prior decisions of this court in this cause.

Reversed and remanded with directions.

STENGEL and BARRY, JJ., concur.