MARY M. BRADLEY, Plaintiff-Appellee, *v.* HOWARD HEMBROUGH VOLKSWAGEN, INC., Defendant-Appellant.

Fourth District   No. 16200

Opinion filed October 3, 1980.

Larry J. Flynn, of Flynn & Flynn, of Jacksonville, for appellant.

Robert E. Gillespie, of Gillespie, Cadigan & Gillespie, of Springfield, for appellee.

Mr. PRESIDING JUSTICE MILLS delivered the opinion of the court:

This case was here before.

We reversed and remanded.

It is here again.

This time we reverse—no remand.

Mary Bradley instituted this action to recover actual and punitive damages occasioned by defendant's alleged violation of the Motor Vehicle Information and Cost Savings Act of 1972. (15 U.S.C. §1981 *et seq.* (1976).) This act and its related regulations (49 C.F.R. §§580.1-580.6 (1979)) require the transferor of a motor vehicle to provide an odometer mileage statement to a transferee.

On May 17, 1976, Gerrit L. DenHartog traded his 1973 Honda Civic to Howard Hembrough Volkswagen, Inc., towards the purchase of a Volkswagen van. In discussions with Don Brewer—one of defendant's salesmen—DenHartog explained that the car had a great deal more wear than the 5,000 miles indicated on the odometer, since the original odometer was replaced at 19,000 miles.

Brewer prepared a mileage statement which indicated a mileage of 6,008 miles as shown on the odometer. The form did not have a place to indicate the existence of a second odometer and Brewer suggested that the form was requesting the odometer mileage rather than the actual mileage. DenHartog stated that he signed the form reluctantly, but he also

did not feel he was signing a false statement or that Brewer was trying to perpetrate a fraud. Rather, he believed that the form was incomplete and subject to interpretation.

Brewer stated that he never questioned whether the odometer mileage was the actual mileage. He did not recall any conversation with DenHartog regarding the actual mileage. If he had known the actual mileage, he would have indicated it on the form.

On May 27, 1976, plaintiff was shown the Honda Civic and was told it had 6,000 miles on it. She purchased the vehicle and was given a mileage statement certifying the mileage to be 6,019 miles. Upon returning home, plaintiff examined the owner's manual and discovered the car had been serviced when it had 3,622, 7,653, and 11,655 miles on it. She searched the car and found four or five oil stickers indicating mileage in excess of 6,000 miles.

Plaintiff then returned to defendant and demanded her money back from the salesman who sold her the vehicle. He refused. Plaintiff's father-in-law called Howard Hembrough, president of defendant-corporation, who refused to refund plaintiff's money. Hembrough stated he delegated to his salesmen the authority to prepare odometer statements. He told the plaintiff she could see if there was another used car she found suitable.

On January 23, 1978, the trial court found in favor of plaintiff. An appeal was taken to this court wherein the defendant contended the evidence did not indicate an intent to defraud. On November 9, 1978, this court entered an order pursuant to Supreme Court Rule 23 (73 Ill. 2d R. 23), reversing and remanding. In so doing, we found that the regulation (49 C.F.R. §580.6 (1979)) was ambiguous and that an intent to defraud could not be conclusively inferred from the manner in which Brewer completed the form. We noted an inherent conflict between the trial court's judgment—which required plaintiff to show an intent to defraud—and its finding that there was no intent to defraud. We concluded by holding:

> "Proof of an intent to defraud is indispensable for a recovery under the Motor Vehicle Information and Cost Savings Act. Although there is some evidence of such an intent in this case, the verdict is against the manifest weight of the evidence. [Citations.] Thus, the judgment of the trial court is reversed and the cause is remanded for a new trial."

On February 11, 1980, the parties entered into a stipulation whereby they expressly waived the right to present any additional evidence and agreed that the court could reach a decision by reading the transcript of the proceedings of the prior trial. Two days later, the trial court—a different judge—by docket entry found in favor of the plaintiff. Further, the court specifically found an intent to defraud.

Defendant again appeals.

We again reverse, but do not remand.

Hembrough Volkswagen asserts that this court's prior decision was binding upon the trial court so that the trial court—when faced with the identical evidence—was required to hold consistent with our order. We agree. When a trial court's judgment is reversed, the trial court is clearly bound by the appellate court's determination of all questions decided and can only act in such proceedings in a manner as conforms to the appellate court's judgment. (*Schulenburg v. Signatrol, Inc.* (1967), 37 Ill. 2d 352, 226 N.E.2d 624.) Similarly, under the "law of the case" doctrine, this court is bound by the particular views of law announced in our prior opinion in a case, unless the facts presented require a different interpretation. *City of Lockport v. County Board of School Trustees* (1976), 42 Ill. App. 3d 578, 356 N.E.2d 420.

■■ The decision of the trial court which was previously against the manifest weight of the evidence is still against the manifest weight of the evidence.

■■ In her brief, plaintiff has also argued that this court should not consider its prior order since that order declared "no precedential value." This language is derived from Supreme Court Rule 23 which governs disposition of cases without a published opinion. But, the clear intent of the rule is merely to avoid the publication of a morass of dispositions which add nothing to the available body of substantive law or of legal precedence. The fact that a disposition is rendered pursuant to Rule 23 does not, however, lessen its effect upon the relationship of the parties. It is as conclusive on the issues raised as would be a published opinion and most assuredly becomes the "law of the case."

■■ *Ergo*, having twice determined that the trial court's decision in favor of the plaintiff is against the manifest weight of the evidence, we reverse this cause without remand. While this case would, upon a finding that the verdict is against the manifest weight of the evidence, ordinarily be remanded for a new trial, both parties have stated that the reason they entered into the stipulation was because they had nothing to add to the original evidence produced at trial. In this situation, it is a futile gesture to remand. We therefore exercise our authority under Supreme Court Rule 366(a)(5) (73 Ill. 2d R. 366(a)(5)) and reverse.

Reversed.

WEBBER, J., concurs.

Mr. JUSTICE CRAVEN, dissenting:

This action was brought to recover actual and punitive damages

occasioned by a violation by the defendant of the Motor Vehicle Information and Cost Savings Act of 1972. (15 U.S.C. §1981 *et seq.* (1976).) The clear congressional intention in the enactment of that statute was to impose sanctions, actual and punitive damages, upon those who violate the statute. Selling a car indicating that it has less mileage than it in fact has is a violation. Intent is an element.

In this case, there is no doubt that a car was sold, that the mileage was indicated to be some 6,000 miles when in fact the defendant by and through its salesman, Don Brewer, *knew* the mileage to be substantially in excess of that. It is difficult for me to ascertain what more needs to be proved in order to recover.

This case was here once before and the court issued an order remanding for a new trial. The legal effect of that order is now a matter of controversy in this court. The November 1978 Rule 23 order is reproduced in its entirety as an appendix to this dissent.

It is perfectly clear that the court originally determined that there was a conflict between the findings of the trial court and the judgment entered. There was a finding with reference to the absence of intent that could not be reconciled with the judgment entered. Thus, in the original appeal, the court remanded for a new trial. If recovery could not be had as a matter of law, remandment was shoveling smoke.

The case went back to the circuit court; by stipulation of the parties, no new evidence was presented. The record was submitted to the trial court judge; he reviewed the record based upon the stipulation that everything that could be proved was proved, and he found evidence of intent to defraud and reentered the same judgment for actual and punitive damages. There is now no conflict between the findings and the judgment, and there is no impairment in this record to an affirmance of the judgment. If there was to be reversal without remandment, it should have been done the first time and it was not. The majority, in my judgment, is just plain wrong when they discuss the legal effect of the prior Rule 23 order. The majority opinion further sets back to "square one" the effort to protect the consumer in the purchase of used cars.

Assuming that the majority's interpretation of the Rule 23 order is correct, their conclusion that the second trial judge, when faced with the same evidence, was obligated to hold for the defendant is wrong. (*Bournique v. Drake* (1925), 236 Ill. App. 75.) Only if the Rule 23 order had determined that the evidence was insufficient to state a cause of action would the second trial judge have been required to enter judgment for the defendant. (*Bournique.*) In *Ziolkowski v. Continental Casualty Co.* (1937), 365 Ill. 594, 7 N.E.2d 451, the supreme court said that upon remand for a new trial "* * * the trial court must, of course, be governed by the legal principles contained in the opinion of the reviewing court, but

its conclusions as to matters of fact do not control on a later trial where the facts are to be determined in that trial. *Prentice v. Crane*, 240 Ill. 250." (365 Ill. 594, 599, 7 N.E.2d 451, 454.) (Accord, *Sherman v. City of Springfield* (1969), 111 Ill. App. 2d 391, 250 N.E.2d 537; see also *People ex rel. Reiter v. Lupe* (1950), 405 Ill. 66, 89 N.E.2d 66.) The doctrine of law of the case applies to law, not to facts; that doctrine simply does not apply here.

APPENDIX—Rule 23 Order, No. 16200

Rule 23 (58 Ill. 2d R. 23). No substantial question, no precedential value.

Gerrit L. DenHartog testified that he traded his 1973 Honda Civic to Howard Hembrough Volkswagen, Inc., on May 17, 1976. When he showed the car to one of the defendant's salesmen, Don Brewer, DenHartog told him that the reason the car had a great deal more wear than the 5,000 miles on the odometer would suggest was because the first odometer had 19,000 plus miles on it so that the total miles would be 25,000 to 26,000 miles.

Brewer prepared the following odometer mileage statement form which certified the car's mileage to be 6,008 miles:

"I, /s/ Gerrit L. DenHartog, state that the odometer mileage indicated on the vehicle described above is 6008 miles and is as indicated below: (Check one)

☒ Actual mileage ☐ Total cumulative miles
☐ True mileage unknown (if over 100,000)."

Since there was no place to indicate the existence of a second odometer, Brewer suggested it was the odometer mileage rather than the actual mileage of the automobile that was being asked for. Although DenHartog signed the statement reluctantly, he did not feel that he was signing a false statement or that Brewer was trying to perpetrate a fraud, but rather believed the form was incomplete and subject to interpretation.

Don Brewer did not recall any conversation with DenHartog regarding the car's actual mileage. He testified that he never questioned whether the odometer mileage was the actual mileage and stated that if he had known the actual mileage, he would have indicated this on the form.

Mary M. Bradley was shown the Honda Civic on May 27, 1976, and was told it had 6,000 miles on it. She purchased the car and was given an odometer mileage statement which certified the mileage to be 6,019 miles.

When she returned home she looked through the owner's manual and discovered the car had been serviced when it had 3,622, 7,653, and 11,655

miles on it. She then searched the car and found four or five oil stickers which indicated mileage in excess of 6,000 miles. Bradley returned to defendant's business and demanded her money back from the salesman who had sold her the car, but he refused to do so. Plaintiff's future father-in-law called defendant's president, Howard Hembrough, and explained the situation, but he also refused to give plaintiff's money back. He said that Bradley could see if there was another used car that was suitable to her.

Bradley filed suit and sought punitive damages and attorney's fees pursuant to the Motor Vehicle Information and Cost Savings Act of 1972, 15 U.S.C. §§1981-1991 (1976). The trial judge found for the plaintiff. On appeal, defendant contends the evidence does not show that it intended to defraud the plaintiff in selling her the Honda Civic.

To recover damages under the Motor Vehicle Information and Cost Savings Act, there must be evidence of an intent to defraud on the part of the defendant. (*Huryta v. Diers Motor Co. of Grand Island, Nebraska* (D. Neb. 1977), 426 F. Supp. 1176.) This fraudulent intent cannot be presumed, but it can be inferred. *Pepp v. Superior Pontiac GMC, Inc.* (E.D. La. 1976), 412 F. Supp. 1053.

Plaintiff claims that an intent to defraud could be concluded from Don Brewer's action in writing 6,008 miles as the odometer mileage of the car. Plaintiff concedes that the form furnished by defendant to DenHartog was ambiguous, but argues this should not excuse it from liability since the form did not comply with Federal regulations. However, the only nonconformity was that instead of stating: "I further state that the actual mileage differs from the odometer reading for reasons other than odometer calibration error and that the actual mileage is unknown," (49 C.F.R. §580.6) the form merely read: "TRUE MILEAGE UNKNOWN." Since the regulation states the two conditions in the conjunctive, stating both conditions on defendant's form rather than one would not have resolved the ambiguity present in this case. For although (according to DenHartog) Brewer knew the actual mileage differed from the odometer reading, he also knew what the actual mileage was. Thus, the regulation itself was ambiguous and an intent to defraud cannot be conclusively inferred from the manner in which Brewer completed the form. *Rider Oldsmobile, Inc. v. Wright* (M.D. Pa. 1976), 415 F. Supp. 258.

The court's judgment indicates there was an intent to defraud on the part of the defendant, but in its findings the trial court states there was not an intent to defraud. Thus, there is an inherent conflict between the court's *finding* and its *judgment*. The trial judge specifically found that Hembrough had "imputed knowledge" of the "impropriety," but at the same time found that "I don't think there was an intent to defraud."

128

Furthermore, Judge Duban allowed as how "I don't know whether intent to defraud can be imputed to Mr. Hembrough." These confusing statements by the trier of fact cannot be reconciled.

Proof of an intent to defraud is indispensable for a recovery under the Motor Vehicle Information and Cost Savings Act. Although there is some evidence of such an intent in this case, the verdict is against the manifest weight of the evidence. (*Mizowek v. DeFranco* (1976), 64 Ill. 2d 303, 356 N.E.2d 32; *Houston v. Zimmerman* (1975), 30 Ill. App. 3d 425, 333 N.E.2d 472.) Thus, the judgment of the trial court is reversed and the cause is remanded for a new trial.

Reversed and remanded.

ENTERED: NOVEMBER 9, 1978
        BY ORDER OF THE COURT
        CONSISTING OF THE PANEL OF
        Honorable Richard Mills
        Honorable John T. Reardon
        Honorable Frederick S. Green