SYNTEX OPHTHALMICS, INC., et al., Appellees,

v.

Nick N. NOVICKY, et al., Appellants.

George F. TSUETAKI, et al.,* Appellees,

v.

Nick N. NOVICKY, et al., Appellants.

Appeal Nos. 84–838, 84–857.

United States Court of Appeals, Federal Circuit.

July 18, 1985.

Keith V. Rockey, Chicago, Ill., argued for appellant Novicky.

James W. Gould, Morgan, Finnegan, Pine, Foley & Lee, New York City, argued for appellee Syntec. With him on the brief were Joseph A. DeGirolamo, New York City, of counsel, and Holland C. Capper, Holland C. Capper, Ltd., Chicago, Ill., of counsel.

Before DAVIS, Circuit Judge, NICHOLS, Senior Circuit Judge, and BALDWIN, Circuit Judge.

PER CURIAM.

This case is back on remand from the Supreme Court. Our original opinion issued on October 3, 1984, 745 F.2d 1423, 223 USPQ 695, and we shall not restate its contents. Novicky filed a petition for certiorari, mainly relating to the effect we gave to the Illinois state judgment. On March 18, 1985 the Supreme Court granted certiorari, vacated our judgment, and remanded the case "for further consideration in light of *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. [——, 105 S.Ct. 1327, 84 L.Ed.2d 274] (1985)." —— U.S. ——, 105 S.Ct. 1740, 84 L.Ed.2d 807. We asked Novicky and Syntex for

* As in our original consideration of the case, Tsuetaki *et al.* did not participate in the proceedings on remand. Also as before, we treat this as one appeal.

supplemental briefs on the single question of the effect of *Marrese* on our prior decision in this case. Those briefs have been filed and the case is now ready again for disposition.

## I.

We are not certain whether the Supreme Court vacated our entire judgment (including those portions as to which certiorari was not sought). *See O'Connor v. Donaldson,* 422 U.S. 563, 577 n. 12, 95 S.Ct. 2486, 2495 n. 12, 45 L.Ed.2d 396 (1975). Because such a full vacation may have occurred, we now reinstate, without more, the parts of our opinion and judgment (a) remanding to the District Court the question of Syntex's title to the '483 and '983 patents (the "private patents"), (b) reversing the District Court's dismissal of Novicky's counterclaim for fraud and unjust enrichment regarding those patents, (c) affirming the District Court's judgment that Novicky misappropriated Syntex's trade secrets, (d) reversing the District Court's final injunction and remanding for further consideration of the duration and terms of that injunction in accordance with our opinion of October 3, 1984, and (e) affirming the denial of Novicky's motion to remand the state action back to the state court. Those parts of our prior judgment and opinion have nothing to do with the Supreme Court's *Marrese* decision and opinion, and are in no way affected by either.

## II.

The Supreme Court's *Marrese* decision, — U.S. ——, 105 S.Ct. 1327, 84 L.Ed.2d 274, does relate to our holding that the state courts' decision that Tsuetaki (now Syntex) owns the "non-private" patents is entitled to preclusive effect in the present federal case. *See* 745 F.2d at 1431–33, 223 USPQ at 701–702. Accordingly, we have reexamined that conclusion in the light of the *Marrese* holding that, where a prior state court judgment is involved in a feder-

al suit, federal courts should apply the state's preclusion rules on issues of *res judicata.*

■ Illinois applies the same principles of claim preclusion as does the federal law cited in our prior opinion. 745 F.2d at 1432, 223 USPQ at 702. A recent Illinois Supreme Court decision stated: "[A] final judgment rendered by a court of competent jurisdiction on the merits is conclusive of the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action." *Spiller v. Continental Tube Co.,* 95 Ill.2d 423, 69 Ill.Dec. 399, 447 N.E.2d 834, 838 (1983). The same rule was applied by the Illinois Appellate Court in holding that a prior decision of a federal bankruptcy court precluded a later Illinois suit on the same claim: "The value of a plea of *res judicata* is not determined by the reasons given by a court in support of that judgment nor is it mitigated by the fact that it rests upon an erroneous view of the law. [Citations omitted.] Consequently, a cause of action by a court of competent jurisdiction [*sic*] cannot be tried again in new proceedings before the same or a different tribunal, except in a direct action to set aside the prior adjudication." *In re Donnellan,* 90 Ill.App.3d 1032, 46 Ill.Dec. 445, 414 N.E.2d 167, 171 (1980). It follows that, under Illinois preclusion law (as under federal law), the decisions of the state trial court and of the Appellate Court that Novicky did not own the "non-private" patents (*see* 745 F.2d at 1431–32, 223 USPQ at 701–702) "are entitled to preclusive effect." 745 F.2d at 1432, 223 USPQ at 701.[1]

Novicky tells us that these general Illinois preclusion rules are overborne by another supposed rule, *i.e.,* that an appellate court's mandate of remand is treated by Illinois law as determinative "as distinguished from its opinion." (Brief of Defendant-Appellant Novicky on Remand, p. 6.) This supposed rule is invoked because

---

**1.** As we previously said (745 F.2d at 1432 n. 17, 223 USPQ at 701–702 n. 17), the fact that a rehearing petition appears to be still pending in the state appellate court does not prevent that court's judgment from having conclusive effect.

*See Sixty-Third & Halsted Realty Co. v. Goldblatt Bros.,* 342 Ill.App. 389, 96 N.E.2d 838, 843, *aff'd* 410 Ill. 468, 102 N.E.2d 749 (1951). *See also PSL Realty Co. v. Granite Inv. Co.,* 86 Ill.2d 291, 56 Ill.Dec. 368, 427 N.E.2d 563, 570 (1981).

the Illinois Appellate Court ended its opinion as follows: "For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and remanded for a new trial." That mandate is said wholly to wipe out the state trial court's decision, even though the Appellate Court's opinion indicates that it accepted the part of the trial decision bearing on the ownership of the "non-private" patents. But the two Illinois decisions Novicky cites (in support of his argument) stand for quite a different general principle—that the mandate should be construed in the light of the opinion and the trial court should abide by that mandate and not act beyond its dictates. *PSL Realty Co. v. Granite Inv. Co.*, 86 Ill.2d 291, 56 Ill.Dec. 368, 427 N.E.2d 563, 571 (1981) ("In construing the language [of the mandate] matters which are implied may be considered embraced by the mandate. [Citations omitted.] The trial court may only do those things directed in the mandate. [Citation omitted.] The trial court has no authority to act beyond the dictates of the mandate."); *Bradley v. Howard Hembrough Volkswagen, Inc.*, 89 Ill. App.3d 121, 124, 44 Ill.Dec. 413, 411 N.E.2d 535, 537 ("When a trial court's judgment is reversed, the trial court is clearly bound by the appellate court's determination of all questions decided and can only act in such proceedings in a manner as conforms to the appellate court's judgment").[2]

Here, it is clear that the Illinois Appellate Court reversed and remanded for a new trial on aspects of the case other than the ownership of the "non-private" patents (the aspects on which remand was ordered were treated at length in the appellate opinion) and that that specific direction to the trial court was incorporated in the initial phrase of the mandate, *"For the foregoing reasons,* the judgment … is reversed and remanded." Conversely, under Illinois law, the unreversed parts of the trial court judgment (in particular, the decision as to the ownership of the "non-private" patents) remained outstanding, unaffected by the reversal/remand, and formed a part of the Appellate Court's mandate. In short, Novicky has no viable exception to the Illinois preclusion rules on which to rest.

### III.

Novicky asks us, at this late stage, to order the District Court to abstain from further proceedings, at least until the state court proceeding is completed. This is a new argument and we decline to consider it now. We have very little information on the current status of the proceedings below, or of those in the state courts—and we have no basis whatever for any judgment of our own on appropriateness, convenience, or other factors bearing on possible abstention. The matter is left open for the District Court if Novicky decides to make an abstention request to that tribunal.

### IV.

The result is that, after further consideration as directed by the Supreme Court, we reinstate Part VI ("Conclusion") of our previous opinion, 745 F.2d at 1437, 223 USPQ at 706, and reach the same conclusion.

*Affirmed in part, Modified in part, Reversed in part, and Remanded.*

---

**2.** Other Illinois opinions (not cited by Novicky) contain comparable (and even more explicit) language. See *Pittsburgh, C., C. & St. L. Ry. Co. v. Gage*, 286 Ill. 213, 217, 121 N.E. 582, 584 (1918) ("Where a judgment is reversed by an appellate court, the judgment of the appellate court is final upon all questions decided, and those questions are no longer open to consideration. If the cause has been remanded, the court to which it is remanded can take only such proceedings as conform to the judgment of the appellate court. If specific directions are given, the court can do nothing but carry out the specific directions. If specific directions are not given, it must be determined from the nature of the case what further proceedings are proper, and it is the duty of the court to which the cause is remanded to examine the opinion and proceed in conformity with it."); *Shlensky v. South Parkway Building Corp.*, 44 Ill.App.2d 135, 194 N.E.2d 35, 38 (1963) ("It was the duty of the Circuit Court to examine the opinion of the Supreme Court and proceed in conformity with it.").