**Hutchinson J. KROEGER, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

No. 88–3123.

United States Court of Appeals, Federal Circuit.

Dec. 29, 1988.

James J. Nolan, Jr., Pierson & Pierson, Baltimore, Md., argued for petitioner.

Paula J. Barton, Commercial Litigation Branch, Dept. of Justice, of Washington, D.C., argued for respondent. With her on the brief were John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director and Robert A. Reutershan, Asst. Director. Also on the brief was David Karro, U.S. Postal Service, of Washington, D.C., of counsel.

Before MARKEY, Chief Judge, and FRIEDMAN and NEWMAN, Circuit Judges.

MARKEY, Chief Judge.

Kroeger appeals from a decision of the Merit Systems Protection Board (board), *Kroeger v. United States Postal Service*, 36 M.S.P.R. 31 (1987) which affirmed his removal from the United States Postal Service (Service). We affirm.

## BACKGROUND

On November 15, 1985, having heard from the Baltimore County Police that Kroeger had been arrested for extorting money from a woman in exchange for withholding information from her husband about Kroeger's affair with the woman, the Service indefinitely suspended Kroeger from his position as a window clerk for mishandling postal funds and engaging in off-duty criminal conduct. Kroeger initiated a grievance seeking reinstatement on December 12, 1985. On December 20, 1985 the Service issued a proposal to remove Kroeger, charging the mishandling of funds and commission of a crime for which imprisonment could be imposed. 5 U.S.C. § 7513(b)(1) (1982).

The Service conducted an investigation which revealed that for several years the woman had given Kroeger cash and checks payable to the Postmaster or to Kroeger, receiving no postal products in return. Checks were uncovered totaling more than $12,000 in 1984 and 1985 alone. The Service dropped the criminal extortion charge but nonetheless imposed the removal, citing Kroeger's mishandling of Postal funds (cashing personal checks in violation of Post Office regulations) and listing its numerous disciplinary actions against Kroeger between 1980 and 1985. A letter of decision removing Kroeger was issued on

**237**

January 8, 1986, to be effective on January 13, 1986.[1]

Kroeger filed for unemployment compensation from the state of Maryland. The Maryland Department of Employment and Training (MDET) conducted a hearing, at which Kroeger appeared and testified. The MDET concluded that Kroeger was discharged for reasons other than misconduct connected with his work within the meaning of the Maryland Unemployment Insurance Law and granted compensation. The MDET did not find that the Service's conclusion that Kroeger had misused Postal funds was wrong. MDET merely determined that an affidavit of the woman was outweighed by Kroeger's live testimony.

On January 22, 1986 Kroeger filed a second grievance which was consolidated with his December 12, 1985 grievance and submitted to binding arbitration. The arbitrator found just cause for Kroeger's removal and stated that Kroeger and the Service "were afforded a full opportunity to present all relevant evidence through the testimony of witnesses and in documentary proofs." On November 20, 1986 the arbitrator issued a 12 page opinion thoroughly analyzing the evidence in relation to the issues.

On November 17, 1986, Kroeger had appealed his suspension and removal to the Philadelphia Regional Office of the board.[2] The administrative law judge (ALJ) reversed Kroeger's suspension, but affirmed his removal for mishandling funds, finding that the latter was warranted in promoting the efficiency of the Service, 5 U.S.C. § 7513(a) (1982), and thus an appropriate penalty. *Douglas v. Veterans Administration*, 5 MSPB 313, 5 M.S.P.R. 280, 305–06 (1981). The ALJ determined the charge of mishandling of postal funds was fully litigated in arbitration and thus subject to collateral estoppel under *Thomas v. Gener-*

al Services Administration, 794 F.2d 661, 664 (Fed.Cir.1986), saying:

[The issue] submitted to binding arbitration is identical to the issue presented here, *i.e.*, whether the appellant committed the disciplinary offense. That issue was actually litigated before Arbitrator Richard R. Kasher. Since the arbitrator determined whether this was just cause to remove the appellant, the factual determination of the charge and specification was necessary to the arbitrator's decision. The appellant was permitted by the American Postal Workers' Union to be represented by his personal counsel. I thus find that the appellant was fully represented in the arbitration proceedings.

The ALJ denied Kroeger's attempt to introduce evidence of the MDET decision.

The board affirmed his removal, holding that: (1) deferral to the arbitrator's decision was justified because Kroeger had failed to show that the arbitrator erred in interpreting civil service law, rules or regulations, citing *Williams v. United States Postal Service*, 35 M.S.P.R. 581, 592 (1987), and (2) the ALJ properly denied admission to the MDET decision, citing *Dickens v. Department of Transportation*, 17 M.S.P.R. 468, 471 n. 2 (1983).

## ISSUES

1. Whether the board erred in holding that the ALJ properly adopted findings of the arbitrator.

2. Whether the ALJ's exclusion of the MDET decision was error.

## OPINION

### 1. *Collateral Estoppel*

Kroeger argues that the board erred when it approved the ALJ's adoption of the arbitrator's findings because: (a) Kroeger's

---

1. On January 15 and 29, 1986, Kroeger filed with the Service two formal Equal Employment Opportunity (EEO) complaints. Those complaints are not at issue here.

2. Kroeger's was not an appeal of the arbitrator's decision under 5 U.S.C. §§ 7121 or 7122 (1982), but was a direct appeal under 5 U.S.C. § 7701

(1982) of the Service's suspension and removal action. As a preference eligible employee of the Service, Kroeger could invoke the grievance procedure and also appeal to the board. *Bacashihua v. Merit Sys. Protection Bd.*, 811 F.2d 1498, 1502 (Fed.Cir.1987).

right to appeal, 5 U.S.C. § 7701 (1982), and to a de novo hearing, precluded such adoption; and (b) the ALJ's application of collateral estoppel in this case was not justified. Both arguments fail.

### (a) Right to Appeal—Use of Collateral Estoppel

As a preference eligible employee, Kroeger was entitled to appeal his removal to the board. 5 U.S.C. §§ 7511(a)(1)(B), 7512(1), 7513(d) (1982). On appeal to the board, an appellant has a right to a hearing. 5 U.S.C. § 7701(a) (1982). Kroeger did appeal and did receive a hearing. Kroeger is simply wrong in equating his right to an appeal and a hearing with a right to a de novo review that would preclude application of collateral estoppel. Preference eligibility cannot justify relitigation of conclusively determined factual matters. The statute provides for an appeal but nowhere does it provide for de novo review and nowhere does it preclude use of collateral estoppel.[3]

The grant of a right to appeal does not in itself limit the decisionmaking mechanisms available to the appellate tribunal. This court, as did the D.C. Circuit, has approved use of collateral estoppel by the board. *Thomas*, 794 F.2d at 664; *Graybill v. United States Postal Service*, 782 F.2d 1567, 1570–71 (Fed.Cir.), *cert. denied*, 479 U.S. 963, 107 S.Ct. 462, 93 L.Ed.2d 407 (1986); *Otherson v. Department of Justice, I.N.S.*, 711 F.2d 267 at 272 (D.C.Cir.1983) ("we see no reason why the MSPB may not apply the doctrine [of collateral estoppel] in its own hearings as circumstances permit."). Moreover, the policy underlying collateral estoppel, *i.e.* contributing to the efficient administration of justice by averting unnecessary relitigation, is equally applicable before the board. *Graybill*, 782 F.2d at 1571 (citing *Chisholm v. Defense Logistics Agency*, 656 F.2d 42, 46 (3d Cir.1981)). Similarly, though the foregoing authorities dealt with the board's application of collateral estoppel to court decisions, the same underlying policy would justify its applica-

tion to arbitration decisions in appropriate cases.

Whether the decision of a labor arbitrator can result in collateral estoppel before the board is a matter of first impression in this court. Other courts, however, have given an arbitration decision that meets the appropriate standards the same preclusive effect as any other decision. *C.D. Anderson & Co., Inc. v. Lemos*, 832 F.2d 1097, 1100 (9th Cir.1987); *Greenblatt v. Drexel Burnham Lambert, Inc.*, 763 F.2d 1352, 1360 (11th Cir.1985); *Davis v. Chevy Chase Financial Ltd.*, 667 F.2d 160, 172 (D.C.Cir.1981); *United States v. Weiss Pollution Control Corp.*, 532 F.2d 1009, 1012 n. 3 (5th Cir.1976); *Ritchie v. Landau*, 475 F.2d 151, 155–56 (2d Cir.1973); *see United States v. Utah Construction & Mining Co.*, 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1966) (citing with approval *Goldstein v. Doft*, 236 F.Supp. 730, 733 (S.D.N.Y.1964), *aff'd*, 353 F.2d 484 (2d Cir. 1965), *cert. denied*, 383 U.S. 960, 86 S.Ct. 1226, 16 L.Ed.2d 302 (1966), where collateral estoppel was applied to prevent relitigation of factual disputes resolved by an arbitrator). We see no reason why an arbitrator's decision should not be given collateral estoppel effect before the board in the appropriate case, and no reason, in such cases, to force witnesses (if still available) to return for a repeat performance of their testimony.

In *Williams*, after determining that Postal Service preference eligible employees should be treated no differently respecting the applicability of particular legal doctrines, 35 M.S.P.R. at 587, the board found it inappropriate to apply collateral estoppel in relation to arbitrators' decisions, citing distinctive elements in the nature of an arbitral proceeding. *Id.* at 590–91. The board went on, however, to accord the arbitrator's decision "deference", saying "the board will, in most cases, defer to Postal Service arbitration decisions and will only set them aside or modify them where the appellant shows that the arbitrator

---

**3.** Kroeger cites *Chavez v. OPM*, 6 MSPB 343, 6 M.S.P.R. 404, 411–13 (1981), for the board's description of its hearing as "de novo". In *Chavez*, however, the appellant had not already received a complete de novo review of the agency action, as Kroeger did here before the arbitrator.

erred in interpreting civil service law, rules, or regulation." *Id.* at 592. Thus the board employed language applicable to direct appeal of an arbitrator's decision to the question of whether collateral estoppel may bar relitigation of issues determined by an arbitrator in an appeal of the agency's decision by a Postal Service employee.

The board listed in *Williams* three criteria for application of collateral estoppel: identical issues; actual litigation of the issue in the prior action; necessity of the prior determination to the judgment. *Id.* at 594. In describing cases in which it declined to apply collateral estoppel, the board noted reasons: *Aulik v. United States Postal Service,* 1 MSPB 485, 1 M.S.P.R. 501, 502 (1980) (employee not a party to grievance proceeding); *Mortensen v. Department of the Army,* 27 M.S.P.R. 433, 436–37 (1985) (employee not fully represented). The board described its actions in those cases as declining to apply collateral estoppel on public policy grounds "even where the requirements for collateral estoppel are met." As noted below, the requirements set forth by this court would not have been met in those cases. Where the requirements are not met, it would be error to apply collateral estoppel; where the requirements are met, it would not be error (though it may waste judicial resources) to decline to apply collateral estoppel. The board's indication in *Williams,* that collateral estoppel may never be applied to preclude re-litigation of issues that had been submitted to binding arbitration, is incorrect. There are and will be cases in which application of collateral estoppel to an arbitrator's decision is justified.

### (b) Justification of Collateral Estoppel in This Case

Collateral estoppel is justified on the facts here. In *Thomas* this court identified the criteria for application of collateral estoppel:

(i) the issue previously adjudicated is identical with that now presented, (ii) that issue was "actually litigated" in the prior case, (iii) the previous determina-

tion of that issue was necessary to the end-decision then made, and (iv) the party precluded was fully represented in the prior action.

794 F.2d at 664 (citing *Mother's Restaurant, Inc. v. Mama's Pizza, Inc.,* 723 F.2d 1566, 1569, 221 USPQ 394, 397 (Fed.Cir. 1983)). As above indicated, the ALJ applied the precise criteria set forth in *Thomas.* Hence the board did not err in holding that the ALJ properly adopted the arbitrator's findings, and would not have erred if it had approved the ALJ's application of collateral estoppel in this case to bar Kroeger from relitigating facts found by the arbitrator.

Kroeger does not say he was denied opportunity to litigate the facts fully and fairly before the arbitrator. Nor does he set forth anything that was not presented to the arbitrator, but would be presented at a de novo hearing before the ALJ. Nor does he argue that the arbitration proceeding failed to meet any of the criteria set forth in *Thomas.* He simply labels the application of collateral estoppel "unfair". Some courts have cited fairness as a fifth criterion. *See, e.g., Otherson,* 711 F.2d at 272. Unfairness, however, is not an abstract concept supportable by mere assertions that procedures may in some cases differ before the ALJ and the arbitrator. Unfairness sufficient to bar application of collateral estoppel requires a specific showing that the precise dispute was not fairly litigated and resolved before the arbitrator. Kroeger has made no such showing.

### 2. MDET Decision

Kroeger says it was error to exclude the MDET decision because the ALJ acted arbitrarily in giving collateral estoppel effect to the arbitrator's decision and not to the MDET decision. The assertion is not persuasive.

First, the issue before the MDET, right to compensation under state law, was not identical with that before the board, and the latter was not litigated before the MDET.[4] Second, collateral estoppel has

---

**4.** To the extent Maryland state law applies in determining an application of collateral estop-

been deemed unfair when the party that would be bound lacked incentive to litigate the issue in the first proceeding because its stake in that proceeding was minimal in comparison with its stake in the second. *Otherson,* 711 F.2d at 275. The Service had little, if any, stake in the MDET proceeding. Kroeger's receipt of unemployment benefits would not effect rights and liabilities between Kroeger and the Service, and his unemployment compensation would come from state funds. In contrast, the Service had a much greater incentive to defend its removal action. Exclusion of the MDET decision in this case was neither error nor arbitrary.

## CONCLUSION

The decision of the board is affirmed. AFFIRMED.

pel, *Syntex Ophthalmics, Inc. v. Novicky,* 767 F.2d 901, 902, 226 USPQ 952, 953 (Fed.Cir.1985), *cert. denied,* 475 U.S. 1083, 106 S.Ct. 1463, 89 L.Ed.2d 719 (1986), that law requires, *inter alia,* that the issue in the prior adjudication be identical to the issue in the case at hand, *Washington Suburban Sanitary Comm'n v. TKU Assoc.,* 281 Md. 1, 18, 376 A.2d 505, 514 (1977); *Graybill v.*

*United States Postal Service,* 782 F.2d 1567, 1573 (Fed.Cir.), *cert. denied,* 479 U.S. 963, 107 S.Ct. 462, 93 L.Ed.2d 407 (1986). Hence collateral estoppel would not apply to the MDET decision under Maryland law. We need not and do not discuss whether state administrative agency decisions on an identical issue can be given collateral estoppel effect before the board.