NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3323

CLARENCE N. DANIELS,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.


Clarence N. Daniels, of Huntsville, Alabama, pro se.

Stephanie M. Conley, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent.  With her on the brief were B. Chad Bungard, General Counsel, and Joyce G. Friedman, Acting Associate General Counsel for Litigation.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3323

CLARENCE N. DANIELS,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in AT1221080015-W-1.

_____

DECIDED: January 6, 2009

_____

Before MICHEL, <u>Chief Judge</u>, PROST and MOORE, <u>Circuit Judges</u>.

PER CURIAM.

Clarence N. Daniels appeals the final decision of the Merit Systems Protection Board (Board) dismissing his individual right of action (IRA) appeal for lack of jurisdiction. <u>Daniels v. Dep't of the Army</u>, No. AT1221080015-W-1108 (M.S.P.B. 2008). Because the Board correctly concluded that Mr. Daniels is precluded by collateral estoppel from relitigating the issue of the Board's jurisdiction over his IRA appeal, we <u>affirm</u>.

## BACKGROUND

During the time relevant to this appeal, Mr. Daniels was a contract specialist with the Aviation and Missile Command of the U.S. Army in Huntsville, Alabama (agency).

On September 27, 2007, he filed his IRA appeal to the Board alleging that the agency denied him the right to compete for promotion in direct reprisal for alleged whistleblowing activity. Mr. Daniels contended that between 1999 and 2003, the agency referred him for 45 GS-13 positions outside the Huntsville area, but covertly denied referrals to 24 GS-13 positions within the Huntsville area by unlawfully manipulating a centralized computer system called ACCES that was in use at the time. ACCES was a system centrally administered by the Department of the Army, and used by local agencies to generate lists of referrals for job vacancies.

In a prior IRA appeal to the Board arising from these same circumstances, the administrative judge (AJ) dismissed the appeal for lack of jurisdiction because Mr. Daniels failed to make a nonfrivolous allegation that he made a protected disclosure and that his disclosure was a contributing factor with respect to his nonselection for GS-13 positions within the Huntsville area. Daniels v. Dep't of the Army, No. AT-1221-03-0896-W-1 (M.S.P.B. 2003) (2003 Decision). In particular, the AJ found that Mr. Daniels made the alleged disclosures as part of his normal duties; failed to explain how anyone at his local agency could tamper with ACCES; and failed to allege that the tampering occurred because of his alleged disclosures. Id. at 2-4.

Upon consideration of his present IRA appeal, on October 9, 2007, the AJ issued an order to Mr. Daniels to submit evidence and argument regarding the Board's jurisdiction over the appeal. In addition to providing a response, on November 6 and 13, 2007, Mr. Daniels moved to compel discovery on various topics related to the agency's use of ACCES. The agency provided a response that was admittedly incomplete because many such records were purportedly destroyed pursuant to a

standard policy after three years. On December 13, 2007, Mr. Daniels moved for sanctions, arguing that the agency destroyed the records willfully and in bad faith. On December 19, 2007, following a teleconference where the parties agreed that the issues involved in this IRA appeal were the same as those in the 2003 Decision, the AJ issued an order to show cause why the IRA appeal should not be dismissed because of the collateral estoppel effect of the 2003 Decision. The next day, Mr. Daniels responded and moved for certification of interlocutory appeal.

On December 31, 2007, the AJ dismissed Mr. Daniels's IRA appeal for lack of jurisdiction. The AJ held that Mr. Daniels's appeal was barred by collateral estoppel, and that even if collateral estoppel did not apply, Mr. Daniels failed to set forth a nonfrivolous allegation that his disclosures were a contributing factor in the alleged nonselections. Mr. Daniels filed a petition for review of the initial decision, which was denied on June 26, 2008. Mr. Daniels now timely appeals the decision of the Board, including the denial of his motions to compel discovery and for sanctions.

## DISCUSSION

The scope of the Board's jurisdiction is a question of law, which we review de novo. Johnston v. Merit Sys. Prot. Bd., 518 F.3d 905, 909 (Fed. Cir. 2008). "The board's jurisdiction is not plenary, but is limited to those matters over which it has been granted jurisdiction by law, rule or regulation." Id. We are bound by the Board's factual findings "unless those findings are not supported by substantial evidence." Bolton v. Merit Sys. Prot. Bd., 154 F.3d 1313, 1316 (Fed. Cir. 1998). Mr. Daniels has the burden of proving that the Board has jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2)(i).

"[T]he criteria for application of collateral estoppel [are] (i) the issue previously adjudicated is identical with that now presented, (ii) that issue was 'actually litigated' in the prior case, (iii) the previous determination of that issue was necessary to the end-decision then made, and (iv) the party precluded was fully represented in the prior action." Kroeger v. U.S. Postal Serv., 865 F.2d 235, 239 (Fed. Cir. 1988). The issue subject to collateral estoppel is whether Mr. Daniels raised a nonfrivolous allegation that his alleged protected disclosures contributed to the alleged reprisal. See Yunus v. Dep't of Veterans Affairs, 242 F.3d 1367, 1371 (Fed. Cir. 2001) (holding that the Board has jurisdiction over an IRA appeal if the appellant has made "non-frivolous allegations" that (i) he engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), and (ii) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by § 2302(a)).

The parties agreed that the alleged disclosures are the same now as they were in 2003, and that the issues in the 2003 Decision are the same as the ones now on appeal. In the 2003 Decision, the AJ specifically found that Mr. Daniels failed to make a nonfrivolous allegation that the disclosures contributed to the alleged reprisal, and based his decision to dismiss for lack of jurisdiction on that finding. Finally, there is no evidence contrary to the AJ's finding that Mr. Daniels was fully represented in the prior action; indeed, he even filed a petition for review from the 2003 Decision, which was denied. When he did not appeal the 2003 Decision to this court, it became final by operation of law. Thus, collateral estoppel prevents Mr. Daniels from relitigating the issue of the Board's jurisdiction over this IRA appeal.

Mr. Daniels also appeals the AJ's denial of his motions to compel discovery and for sanctions. As we stated in <u>Curtin v. OPM</u>, 846 F.2d 1373, 1378-79 (Fed. Cir. 1988) (citations omitted):

> Procedural matters relative to discovery and evidentiary issues fall within the sound discretion of the board and its officials. This court will not overturn the board on such matters unless an abuse of discretion is clear and is harmful. If an abuse of discretion did occur with respect to the discovery and evidentiary rulings, in order for petitioner to prevail on these issues he must prove that the error caused substantial harm or prejudice to his rights which could have affected the outcome of the case.

The Board did not abuse its discretion in denying Mr. Daniels's motions. The agency indicated that Mr. Daniels made similar requests in his prior appeal, and there was no evidence to suggest that the results of any of the discovery requests would have altered the outcome of the Board's determination on the issue of collateral estoppel.

Because the Board correctly concluded that Mr. Daniels is precluded by collateral estoppel from relitigating the issue of the Board's jurisdiction over his IRA appeal, the decision of the Board is affirmed.

COSTS

No costs.