996 F.2d 318
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Carlton B. BRANCH, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 93-3113.
 United States Court of Appeals, Federal Circuit.
 April 12, 1993.
 
 Before MICHEL, Circuit Judge, BENNETT, Senior Circuit Judge, and LOURIE, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Carlton B. Branch petitions for review of the July 10, 1992 initial decision of the Administrative Judge, Docket No. CH-0752-92-0421-I-1, which became the final decision of the Merit Systems Protection Board on November 18, 1992, sustaining Mr. Branch's removal as a Mail Handler at the United States Postal Service's Main Post Office in Chicago, Illinois, for failure to maintain a regular attendance record. We affirm.
 
 DISCUSSION
 
 2
 The agency charged Mr. Branch with failure to maintain a regular attendance record based on three unscheduled absences without leave (AWOLs) during November and December, 1991. Based on these absences and his past disciplinary record, the agency removed Mr. Branch, effective March 31, 1992. In support of these AWOL charges, the agency presented the Postal Service forms, which had been submitted by Mr. Branch requesting leave without pay, but which were denied by his supervisor. The agency also presented evidence that in each instance Mr. Branch failed to follow the agency's call-in requirements for requesting emergency leave and that he failed to present compelling reasons for granting such leave.
 
 
 3
 We review the Board's decision under a narrow standard, affirming the judgment unless it is (a) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (b) obtained without procedures required by law, rule, or regulation having been followed; or (c) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988).
 
 
 4
 Mr. Branch asserts that the Board failed to take into account a settlement agreement dated November 19, 1991, which resolved all issues relating to a prior removal action against Mr. Branch, effective October 17, 1991. Specifically, Mr. Branch argues that the agency relied on his prior absences which were resolved by the November 19 settlement agreement as a basis for the present removal action. We disagree. That agreement "resolve[d] any and all issues relating to the removal action effective October 17, 1991." The absences upon which the present removal is based occurred after the October 17 action, on November 24-25, December 3-5, and December 20-21, 1991. Furthermore, the Board relied on a prior 14-day suspension and not the events covered by the settlement agreement as an aggravating factor justifying Mr. Branch's removal. Finally, collateral estoppel bars petitioner's assertion that the suspension cannot be relied on as part of the basis for removal. See Kroeger v. United States Postal Serv., 865 F.2d 235 (Fed.Cir.1988).
 
 
 5
 Mr. Branch also argues that he requested leave according to the agency's leave procedures. The Board examined the agency's leave regulations and determined that Mr. Branch failed to properly follow them. This court will not substitute its own evaluation of the facts for that of the Board. Phillips v. United States Postal Serv., 695 F.2d 1389, 1390-91 (Fed.Cir.1982). Based on the record, we find that substantial evidence supports the Board's decision and that it is correct as a matter of law.