NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

2006-3244

ANDREW B. SMITH,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

_____

DECIDED:  November 7, 2006

_____

Before BRYSON, <u>Circuit Judge</u>, CLEVENGER, <u>Senior Circuit Judge</u>, and GAJARSA,
<u>Circuit Judge</u>.

PER CURIAM.

## DECISION

Petitioner Andrew B. Smith seeks review of a decision of the Merit Systems
Protection Board, Docket No. SF-0752-05-0584-I-1, in which the Board dismissed Mr.
Smith's appeal on the ground that he has effectively refiled an appeal the Board
previously dismissed for lack of jurisdiction.  We <u>affirm</u>.

## BACKGROUND

Mr. Smith, a former employee of the United States Postal Service, was removed
from his position in 2002 for failing to follow instructions and failing to operate a forklift in
a safe manner.  He filed a timely appeal of his removal to the Merit Systems Protection

Board. The Board, however, dismissed the appeal in December 2003, on the ground that Mr. Smith had not shown that he was a preference-eligible employee and thus was not among those Postal Service employees entitled to appeal adverse actions to the Board pursuant to 5 U.S.C. §§ 2108 and 7511(b)(8). The administrative judge found that although Mr. Smith served in the Marine Corps between 1980 and 1984, he failed to show that he satisfied the particular service requirements necessary to satisfy 5 U.S.C. § 2108, which defines the term "preference-eligible employee."

In September 2004, the Department of Veterans Affairs ("DVA") granted in part Mr. Smith's request for service connection for a residual head injury scar and left ear hearing loss. Although the DVA determined that he had those service-connected conditions, it determined that he was entitled to a zero percent disability rating. The DVA then made the disability determination for the residual head injury scar retroactive to August 2002.

Following the DVA's disability decision, Mr. Smith filed a petition for review to the full Board from the administrative judge's December 2003 jurisdictional dismissal of his original Board appeal. He argued that the DVA's 2004 grant of service connection for his claimed disabilities, part of which was made retroactive to August 30, 2002, rendered him a disabled veteran, and thus a preference-eligible employee for purposes of 5 U.S.C. § 2108. Accordingly, he argued, he should be entitled to litigate the merits of his removal action before the Board. The full Board denied that petition for review in December 2004. Mr. Smith subsequently filed a petition for review of the Board's decision with this court, but the petition was dismissed as untimely on March 31, 2005.

In a separate proceeding, Mr. Smith's union, the National Mail Handlers Union, grieved the removal action on his behalf, and the matter was referred to an arbitrator for a hearing and decision. On February 17, 2004, following a hearing, the arbitrator denied the grievance, finding that Mr. Smith had been removed for just cause.

On April 22, 2005, Mr. Smith filed the present appeal with the Board, once again seeking Board review of his December 2002 removal action. In his new appeal, he again argued that he is a preference-eligible employee, contending that in light of the DVA's 2004 disability decision he is a disabled veteran and therefore is entitled to appeal his removal action to the Board.

The administrative judge who was assigned to the case dismissed the appeal, ruling that law-of-the-case principles barred Mr. Smith from relitigating the jurisdictional determination made in his first appeal, which had long since become final. Mr. Smith petitioned for review by the full Board. The full Board denied the petition for review, although it did so on the basis of collateral estoppel rather than law of the case. Mr. Smith now petitions for review by this court.

DISCUSSION

In his brief, Mr. Smith provides a detailed account of the complex sequence of events that led up to this appeal. During the period since his removal in 2002, he has sought review of that action before the Merit Systems Protection Board (twice), before the Equal Employment Opportunity Commission ("EEOC"), and before an arbitrator in the grievance proceeding brought by his union. The grievance proceeding culminated in an adverse decision on the merits, but the other actions were dismissed. The first Board proceeding was dismissed because Mr. Smith was not a preference-eligible

employee at the time that proceeding was brought. The EEOC proceeding was dismissed because, according to Mr. Smith, he was advised by EEOC and Board officials that the proper forum in which to litigate the removal action was the Merit Systems Protection Board. In light of his persistent efforts to obtain Board review of his removal action and in light of the DVA's 2004 decision declaring him a disabled veteran, Mr. Smith argues that the Board should be directed to reach the merits of his removal action, either by proceeding with his second appeal or by reopening his first appeal.

Despite the procedural complexity of this case, the central fact is that the Board adjudicated Mr. Smith's status as a non-preference-eligible employee in his first appeal, which became final in April 2003. In the present appeal, the Board's ruled that principles of collateral estoppel barred him from relitigating that decision. Mr. Smith's position, in essence, is that because the DVA has declared him a disabled veteran, and because the DVA's disability decision is retroactive in part to August 2002, he should be deemed to have been a disabled veteran at the time of his removal, and thus be entitled to appeal his removal to the Merit Systems Protection Board. In effect, Mr. Smith is asking that collateral estoppel not be applied to bar his second appeal because of the changed circumstances regarding his status as a preference-eligible employee.

The problem with Mr. Smith's argument is that he was not a preference-eligible employee at the time of his removal and his original appeal. Moreover, a later decision by the DVA that he was disabled does not provide the Board with jurisdiction over his appeal, even though the DVA's September 2004 decision was made effective, for DVA purposes, as of August 2002. The Board has specifically held that a Postal Service employee must be determined to qualify as a preference-eligible employee (such as by

being a disabled veteran) at the time of the agency's action in order to have appeal rights to the Board; a subsequent decision by the DVA determining that the employee is a disabled veteran does not confer jurisdiction on the Board, even if that subsequent decision is made retroactive or establishes that the employee was in fact disabled at the time of the agency action under review. Mitchell v. Dep't of Commerce, 100 M.S.P.R. 415, 419-20 (2005); Pierce v. U.S. Postal Serv., 96 M.S.P.R. 38, 42-43 (2004). That is because 5 U.S.C. § 2108(2) defines "disabled veteran" as an individual who, among other requirements, "has established the present existence of a service-connected disability." Mr. Smith had not "established the present existence of a service-connected disability" at the time of his removal. Accordingly, Mr. Smith was not a preference-eligible employee at the time of his removal, and that fact was not changed by the DVA's September 2004 decision. Because the circumstances were not fundamentally different with respect to the jurisdictional question in 2006 than they were in 2003, the Board did not err in dismissing his second appeal on collateral estoppel grounds. Moreover, because the DVA decision does not affect his status retroactively, he is not entitled to relief from the Board even if his second appeal is not treated as a separate appeal, but rather as a request to reopen his first appeal.

We note that Mr. Smith has not been deprived of an opportunity to challenge his removal. He did so through the remedy frequently invoked by non-preference-eligible employees in the Postal Service—a grievance processed by his union. That grievance resulted in an arbitrator's award holding that his removal was justified. Because of that adverse administrative decision in a parallel review proceeding, the Board would have been entitled to invoke collateral estoppel on the merits based on the arbitrator's award,

even if the Board had held that collateral estoppel on the jurisdictional issue did not bar his second appeal and had allowed him to proceed to the merits with his Board appeal. See Kroeger v. U.S. Postal Serv., 865 F.2d 235, 239 (Fed. Cir. 1988).  Accordingly, Mr. Smith's claim that it is manifestly unjust to bar him from proceeding with his appeal before the Board is unpersuasive.  We therefore uphold the Board's decision dismissing his appeal.