NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3294

EDDIE J. WALTER,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

<u>Eddie J. Walter</u>, of Leavenworth, Kansas, pro se.

<u>Andrew P. Averbach</u>, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  On the brief were <u>Peter D. Keisler</u>, Acting Attorney General, <u>Jeanne E. Davidson</u>, Director, and <u>Harold D. Lester, Jr.</u>, Assistant Director.

Appealed from:  United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2007-3294

EDDIE J. WALTER,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

_____

DECIDED: December 10, 2007

_____

Before LINN, DYK, and MOORE, Circuit Judges.

PER CURIAM.

Eddie J. Walter ("Walter") seeks review of a final decision of the Merit Systems Protection Board ("Board"), Walter v. USPS, No. DE-3443-06-0103-I-2 (M.S.P.B. May 24, 2007), dismissing his appeal against the United States Postal Service ("USPS") for lack of Board appellate jurisdiction. Because the Board's decision is in accordance with law and does not otherwise contain reversible error, we affirm.

Initially, Walter sought review of a 1999 adverse promotion decision by the USPS by filing a grievance under a collective bargaining agreement ("CBA") between the USPS and the American Postal Workers Union ("Union"). This dispute was settled by the Union on his behalf in a written settlement agreement dated May 16, 2000. The settlement agreement "resolve[d] any and all matters pertaining to [Walter's] promotion,"

and further provided that Walter "shall not litigate or relitigate in any forum, judicial, or administrative, any claims arising from the actions involved in this appeal." The settlement agreement also specified that "neither party shall seek to set aside this settlement agreement." Although Walter did not personally sign the settlement agreement, it was signed on his behalf by his Union representative, as authorized under the CBA. Notwithstanding the settlement, the Union subsequently invoked arbitration on Walter's behalf, challenging the validity and enforceability of the settlement agreement on various grounds. At arbitration, the Union argued, inter alia, that without Walter's signature, the settlement agreement was invalid. The arbitrator concluded that the settlement agreement "[did] not require [Walter's] signature to make the settlement binding" because it was signed by authorized representatives of both the USPS and the Union. Walter then appealed to the Board from the 1999 adverse promotion decision.

Walter asserted before the Board that he should not be bound by the settlement agreement because he personally did not sign it. The Board considered the record and determined that Walter and the Union had litigated the lack-of-signature issue during the arbitration proceeding. Relying on the factors articulated in Kroeger v. USPS, 865 F.2d 235, 239 (Fed. Cir. 1988), the Board accorded collateral estoppel effect to the arbitrator's determination and refused to reconsider the issue. The Board then determined that the settlement agreement did not reserve any right of appeal to the Board and dismissed Walter's appeal. See Mays v. USPS, 995 F.2d 1056, 1060 (Fed. Cir. 1993) ("The burden is on the employee to expressly reserve the additional procedure if he chooses to settle a grievance."). The Board did not reach the issue of

the timeliness of the appeal from the 1999 action. Walter timely appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

This court's scope of review of Board decisions is defined and limited by statute. 5 U.S.C. § 7703(c). "The agency's action in this case must be affirmed unless it is found to be: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence." Hayes v. Dep't of the Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984). "The petitioner bears the burden of establishing error in the Board's decision." Harris v. DVA, 142 F.3d 1463, 1467 (Fed. Cir. 1998).

Walter reasserts on appeal that he should not be bound by the settlement agreement. He argues that the arbitrator failed to address the underlying merits of his claim and that he should not be foreclosed from a decision on the merits. This argument is without merit. The arbitrator's determination that he was bound by the terms of the agreement signed on his behalf by his authorized Union representative precludes him from re-litigating the validity of this agreement. Moreoever, the agreement itself precludes him from re-litigating the merits of the underlying dispute.

Because Walter is bound by the settlement agreement, the Board properly dismissed his claims for lack of jurisdiction. Accordingly, we affirm its decision.

COSTS

No costs.