## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

GEORGE HEATH,
            Appellant,

      v.

DEPARTMENT OF THE ARMY,
            Agency.

DOCKET NUMBER
DA-0752-14-0233-I-1

DATE: February 24, 2015

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>George Heath</u>, Corona, California, pro se.

<u>Norbert S. Walker</u>, Fort Bliss, Texas, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the appellant's removal. For the reasons discussed below, we VACATE the initial decision, GRANT the appellant's petition for review and REMAND the case to the regional office for further adjudication in accordance with this Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    After the Board reversed the agency's prior removal action because the deciding official considered ex parte information in making his decision, *Heath v. Department of the Army*, MSPB Docket No. DA-0752-13-0408-I-1, Initial Decision (Sept. 12, 2013) (0408-I-1 ID),[2] the agency took the action at issue here, proposing and effecting the appellant's removal for a second time on the same three charges:  (1) failure to observe orders, rules, or procedures, where safety to persons or property is endangered; (2) failure to observe orders, rules, or procedures, where safety to persons or property is not endangered; and (3) failure to carry out assigned duties, *see* 0408-I-1 ID at 3; *see also* Initial Appeal File (IAF), Tab 7, Subtabs 4A-4D.

¶3    In this appeal of the agency's second removal action, the appellant argued among other things that the agency's replacement of the deciding official in the second removal action did not remedy the agency's violation of his right to due process because it failed to address the hostility that he contended was revealed in the ex parte information that required the Board's reversal of the agency's prior removal action.  IAF, Tab 1 at 4-5.  In addition to that alleged violation of his due process, the appellant asserted the affirmative defense that this action also was the result of reprisal for protected whistleblowing, contending that but for the agency's failure to reinstate him into a supervisory position as it was ordered to

---

[2] Specifically, the administrative judge found that the agency violated the appellant's right to due process when the deciding official in the first removal action considered as an aggravating factor new information that was not included in the notice of proposed removal and which indicated to him that the appellant's inability to get along with his supervisors was causing problems for his fellow workers. *See* 0408-I-1 ID at 15-17. Neither party petitioned for review of that initial decision.  However, instead of retroactively reinstating the appellant, as the administrative judge ordered, 0408-I-1 ID at 17, the agency retroactively placed him on administrative leave, and simultaneously began the removal action at issue in this appeal, IAF, Tab 7, Subtabs 4B-4E.  The appellant immediately filed a petition for enforcement, which remains pending at the regional office.  *Heath v. Department of the Army*, MSPB Docket No. DA-0752-13-0408-C-1.

do in the initial decision in MSPB Docket No. DA-0752-13-0408-I-1, and making him subordinate to an enlisted service member, the agency would never had removed him. *E.g.*, IAF, Tab 1 at 5, Tab 8 at 8. The appellant also claimed whistleblower retaliation as a result of his appearance on a local television news program, citing a senior staff meeting held after that interview in order to discuss how to respond. IAF, Tab 8 at 9. He likewise challenged the agency's compliance with the remand initial decision in his separately filed individual right of action (IRA) appeal, in which the administrative judge granted the appellant's request for corrective action, *Heath v. Department of the Army*, MSPB Docket No. DA-1221-12-0654-B-1, Remand Initial Decision (Jan. 27, 2014),[3] arguing that the animus underlying the retaliation found in that matter tainted the agency's subsequent action, IAF, Tab 1 at 5. The appellant did not request a hearing. *Id.* at 2.

¶4     After filing his appeal, the appellant moved for certification of an interlocutory appeal on the issue of the effect of the administrative judge's finding of reprisal in the remand initial decision in MSPB Docket No. DA-1221-12-0654-B-1 on the instant appeal. IAF, Tab 4. He argued therein that every action that the agency took against him was attributable to the reprisal found in that IRA appeal such that the instant removal action was, like evidence from an illegal search, the fruit of that poisonous tree.[4] *Id.* The administrative judge

---

[3] The appellant filed a separate petition for enforcement of that decision. *Heath v. Department of the Army*, MSPB Docket No. DA-1221-12-0654-C-1. The administrative judge denied that petition for enforcement, MSPB Docket No. DA-1221-12-0654-C-1, Compliance File, Tab 10, Initial Decision (June 13, 2014), and the appellant has petitioned for review of that decision, MSPB Docket No. DA-1221-12-0654-C-1, Petition for Review File, Tab 1. The Board's decision in that matter, which is also being remanded to the regional office for further adjudication, discusses in greater detail the factual background of these two cases. *See Heath v. Department of the Army*, MSPB Docket No. DA-1221-12-0654-C-1, Remand Order (Feb. 24, 2015).

[4] The fruit of the poisonous tree doctrine is a criminal law concept that prevents the admission of any evidence that was directly seized as the result of an illegal search or

denied the appellant's motion for an interlocutory appeal, noting that the law is well settled that an agency may cure its violation of an employee's right to due process and then later take a second removal action on the same charges against the employee. IAF, Tab 5; *see, e.g.*, *Lopes v. Department of the Navy*, 119 M.S.P.R. 106, ¶ 4 (2012) (citing *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1280 (Fed. Cir. 2011), and *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1377 (Fed. Cir. 1999)). We agree with the administrative judge's denial of the appellant's motion for certification and find that she did not abuse her discretion in doing so.[5] Moreover, any alleged error as to that ruling is cured by our consideration of the appellant's petition for review herein. *See Strauss v. Office of Personnel Management*, 39 M.S.P.R. 132, 135 n.1 (1988).

¶5      On the written record, the administrative judge affirmed the agency's action, finding that the appellant was barred by the doctrine of collateral estoppel from litigating the facts underlying the agency's charges. IAF, Tab 20, Initial Decision (ID) at 2-3. Collateral estoppel, or issue preclusion, is appropriate when (1) an issue is identical to that involved in the prior action, (2) the issue was actually litigated in the prior action, (3) the determination on the issue in the prior action was necessary to the resulting judgment, and (4) the party precluded was

---

gathered indirectly because of information that was learned or leads that were obtained during the illegal search. *See Wong Sun v. United States*, 371 U.S. 471 (1963).

[5] Importantly, the Board's regulations define an interlocutory appeal as an appeal of a ruling made by the administrative judge during a proceeding. *See* 5 C.F.R. § 1201.91. In this case, however, when the appellant moved for an interlocutory appeal, the administrative judge had not yet made any rulings but instead had issued only acknowledgment and record closing orders, to which the appellant had voiced no objections. *See* IAF, Tabs 1-4. In this context, the appellant's motion therefore is more aptly described as preemptory rather than interlocutory. Moreover, one of the criteria under which an administrative judge will certify a ruling for review is when the record shows that it "involves an important question of law or policy about which there is substantial ground for difference of opinion." 5 C.F.R. § 1201.92(a). Here, the issue of whether the reprisal identified in the remand initial decision in MSPB Docket No. DA-1221-12-0654-B-1 tainted the instant removal action is instead one of fact and therefore not appropriately the subject of an interlocutory appeal.

fully represented in the prior action. *E.g.*, *Kroeger v. U.S. Postal Service*, 865 F.2d 235, 239 (Fed. Cir. 1988); *McNeil v. Department of Defense*, 100 M.S.P.R. 146, ¶ 15 (2005). However, because the administrative judge assigned to the appellant's appeal of the first removal action reversed the agency's action on the basis of due process, her determination on the substantive charges, 0408 I-1 ID at 6-11, was not necessary to the resulting judgment. Thus, the administrative judge's application of the doctrine of collateral estoppel to the substantive charges was inappropriate and we accordingly VACATE the initial decision.

¶6        Moreover, even though the administrative judge may, in a second removal action like the instant matter, incorporate portions of the record of the prior removal appeal into the record in this appeal, she also must afford the parties the opportunity to further develop the record to the extent that, in her discretion, that evidence and testimony is both relevant and nonduplicative of the evidence already in the record. *See, e.g.*, *Lopes*, 119 M.S.P.R. 106, ¶¶ 9-10. Because the administrative judge failed to afford the parties that required opportunity, *see* IAF, Tab 12, we must REMAND the appeal to the regional office for further adjudication in accordance with this Remand Order. Upon remand, and after giving the parties an opportunity to supplement the record consistent with the authorities cited above, including granting the appellant a hearing if he requests one, the administrative judge should readjudicate the matter, including the charges, nexus, penalty, and the appellant's affirmative defenses, including, but not limited to, his claim that but for the agency's failure to reinstate him into a supervisory position as it was ordered to do, the agency would never have removed him.

## ORDER

For the reasons discussed above, we REMAND this case to the regional office for issuance of a new initial decision that identifies all material issues of

fact and law, summarizes the evidence, resolves issues of credibility, and includes the administrative judge's conclusions of law and her legal reasoning, as well as the authorities on which that reasoning rests.


FOR THE BOARD:                    _____

                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.