**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CLIFFORD W. JONES, SR.,
               Appellant,

v.

DEPARTMENT OF HEALTH AND
   HUMAN SERVICES,
               Agency.

DOCKET NUMBER
CH-0432-13-1527-B-1

DATE: December 8, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Clifford W. Jones, Sr., Cass Lake, Minnesota, pro se.

Craig Herkal, Esquire, and Jennifer M. Cassell, Esquire, Chicago, Illinois,
   for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which sustained his removal for unacceptable performance. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        Effective May 20, 2011, the agency removed the appellant, a GS-11 Supervisory Financial Management Specialist at the agency's Indian Health Service (IHS) Cass Lake Hospital, for unacceptable performance in three critical elements of his position.  *Jones v. Department of Health & Human Services*, MSPB Docket No. CH-0432-13-1527-I-1, Initial Appeal File (IAF), Tab 6, Subtab 4a.  The appellant sought corrective action with the Office of Special Counsel (OSC) regarding the removal and subsequently filed an individual right of action (IRA) appeal.  The administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant failed to nonfrivolously allege that he made a protected disclosure when he revealed to the Office of Inspector General and to OSC alleged irregularities in the agency's hiring/attempting to hire another employee who, according to the appellant, should have been under his supervision, and in the agency's setting up a second accounting section in an auxiliary building.  *Jones v. Department of Health & Human Services*, MSPB Docket No. CH-1221-12-0125-W-2, Initial Decision at 2, 4-6 (Oct. 12, 2012).  On the appellant's petition for review of that decision, the Board agreed with the administrative judge's findings and the disposition of the appeal but found that the appellant was entitled to review of his removal under 5 U.S.C. chapter 43, and

it forwarded the matter for docketing as a removal appeal. *Jones v. Department of Health & Human Services*, MSPB Docket No. CH-1221-12-0125-W-2, Final Order at 7-8 (July 25, 2013). That appeal was initially dismissed without prejudice, pending the Board's decision on a related compliance appeal. *Jones v. Department of Health & Human Services*, MSPB Docket No. CH-0432-13-1527-I-1, Initial Decision at 2-3 (Nov. 20, 2013). The administrative judge subsequently dismissed the refiled removal appeal as untimely, but the Board reversed that finding and remanded the case to the regional office for adjudication on the merits of the appellant's removal. *Jones v. Department of Health & Human Services*, MSPB Docket No. CH-0432-13-1527-I-2, Remand Order at ¶¶ 7-10 (Aug. 7, 2015).

¶3    During the remand proceeding, the appellant reiterated generally his claim that, in connection with his removal, the agency retaliated against him because of his whistleblowing activities, and he also alleged generally that the agency had violated his due process rights. In addition, he argued that the agency denied him use of its computer system after issuance of the notice of proposed removal. Remand File (RF), Tab 9. The appellant subsequently added claims that the agency discriminated against him on the bases of sex and age. RF, Tab 22. During adjudication, the administrative judge determined that the appellant was collaterally estopped from relitigating his claim of retaliation for whistleblowing because he previously had litigated the same issue in his earlier IRA appeal. RF, Tab 25.

¶4    After convening the requested hearing, RF, Tab 26, the administrative judge issued an initial decision in which she found that the agency showed by substantial evidence that the Office of Personnel Management approved its performance appraisal system, RF, Tab 32, Remand Initial Decision (RID) at 8-9; that it communicated the performance standards and critical elements of the appellant's position to him, RID at 9-12; that his performance standards were valid under 5 U.S.C. § 4302(b)(1), RID at 12; and that the agency provided the

appellant with a reasonable opportunity to demonstrate acceptable performance, RID at 13-21. The administrative judge further found that the agency proved by substantial evidence that the appellant's performance in all three critical elements was unacceptable—critical element #1, ensuring awareness, training, compliance, and discipline in supervisees, RID at 21-24; critical element #2, directing the overall financial objectives and policies for the finances of Cass Lake Hospital, RID at 24-31, and critical element #3, implementing the "M" system for maintaining inventory of medical and office supplies, and providing certain reports within specified time frames, RID at 31-34. As indicated in her earlier order, the administrative judge found that the appellant's whistleblower retaliation claim was barred by collateral estoppel. RID at 34. The administrative judge found wholly unsupported the appellant's allegation that the agency violated his due process rights. RID at 34-36. The administrative judge considered as an affirmative defense of harmful procedural error the appellant's claim that he was denied computer access during the time following his receipt of the proposal notice and prior to his removal. Weighing the appellant's credibility against the record evidence on this point, the administrative judge found that the agency did not commit procedural error and that, in any event, the appellant offered no evidence or argument that the outcome of the case would have been different if he had access to the agency's Unified Financial Management System at the time in question. RID at 36-37. The administrative judge found that the appellant offered no evidence to support his allegations of sex or age discrimination, RID at 37-40. Finally, finding that the Board lacks authority to mitigate an agency-imposed penalty for an action taken under 5 U.S.C. chapter 43, the administrative judge sustained the appellant's removal. RID at 40.

¶5 The appellant filed a petition for review, Remand Petition for Review (PFR) File, Tab 1, to which the agency has responded, RPFR File, Tab 3.

¶6     With one exception, the appellant does not challenge on review the administrative judge's findings that the agency proved by substantial evidence that the appellant's performance in the three cited critical elements was unacceptable. That exception involves the part of critical element #3 wherein the agency claimed that the appellant failed to implement the "M" system for inventory. As to this matter, the appellant's performance improvement plan (PIP) indicated that the system had not yet been implemented, except by other staff because of the appellant's failure to implement it, and that, to improve his performance, he must implement the system and provide a usage report to the Executive Team on a quarterly basis. IAF, Tab 6, Subtab 4oo at 5. In the notice of proposed removal, the agency stated that the system was being implemented by staff from another office because the appellant did not implement it with his own staff or the contractor hired to get the system operating. *Id.*, Subtab 4n. And, in the decision letter, the agency stated that the departure of the contractor was irrelevant to the PIP requirement. *Id.*, Subtab 4b. In finding this part of critical element #3 sustained, the administrative judge relied upon the testimony of the appellant's second-line supervisor who was also the deciding official in this case to the effect that getting the system to function properly was critical but that the appellant was never able to implement it and that he also did not provide the appropriate quarterly reports to headquarters. RID at 32; Hearing Transcript (HT) at 142-44 (testimony of the deciding official). The administrative judge considered the appellant's claim in his pleadings[2] that he could not implement the system because he needed another employee to handle the data entry, but she found that, while the appellant was required to report on what the employees he supervised were doing, he never provided such a report. RID at 13.

¶7     To resolve credibility issues, an administrative judge must identify the factual questions in dispute, summarize the evidence on each disputed question,

[2] The appellant elected not to testify at the hearing. HT at 162.

state which version he believes, and explain in detail why he found the chosen version more credible, considering a number of factors, as appropriate, set forth by the Board in its seminal case of *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987) (explaining that, in assessing credibility, an administrative judge must consider the witness's opportunity and capacity to observe the event or act in question, the witness's character, prior inconsistent statement by the witness, a witness's bias, or lack of bias, the contradiction of the witness's version of events by other evidence or its consistency with other evidence, the inherent improbability of the witness's version of events, and the witness's demeanor). The Board must give due deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Here, having "observed the demeanor of the agency witnesses," the administrative judge found their testimony to be credible. RID at 21. She further found that the appellant's unsworn statements lacked credibility and that they were inconsistent with the unrebutted evidence presented by the agency. RID at 33. Other than claiming that his second-line supervisor committed perjury during her testimony, RPFR File, Tab 1 at 8, and that the other agency witnesses did as well, *id*. at 9, the appellant has failed to provide sufficiently sound reasons for overturning the administrative judge's credibility determinations, which were based on her observations of the witnesses' demeanor. Therefore, we find it appropriate to defer to them, *see Haebe*, 288 F.3d at 1302, and reject as unsupported the appellant's challenge to the administrative judge's finding sustained this part of critical element #3.

¶8        As noted, the appellant does not challenge on review the administrative judge's findings sustaining the appellant's unacceptable performance under the remaining part of critical element #3, critical element #1, or critical element #2.

Based on our review, we otherwise discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge. *See Haebe*, 288 F.3d at 1302; *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105‑06 (1997) (finding no reason to disturb the findings of the administrative judge who considered the evidence as a whole, drew appropriate references, and made reasoned conclusions). We therefore find no error in the administrative judge's finding that the agency proved by substantial evidence that the appellant's performance was unacceptable in the three critical elements cited.

¶9      On review, the appellant argues that he was denied the ability to "identify" his claims of retaliation for whistleblowing and age and sex discrimination. RPFR File, Tab 1 at 3, 10.

¶10      We first address the appellant's whistleblowing claim. The administrative judge ruled during adjudication that the appellant's affirmative defense of retaliation for whistleblowing was barred by collateral estoppel, RF, Tab 25 at 1‑2, and she incorporated that ruling in her initial decision. RID at 34. Collateral estoppel, or "issue preclusion," is appropriate when: (1) an issue is identical to that involved in the prior action; (2) the issue was actually litigated in the prior action; (3) the determination on the issue in the prior action was necessary to the resulting judgment; and (4) the party against who issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action, either as a party or as  one whose interests were otherwise fully represented in the that action. *Kroeger v. U.S. Postal Service*, 865 F.2d 235, 239 (Fed. Cir. 1988); *Encarnado v. Office of Personnel Management*, 116 M.S.P.R. 301, ¶ 13 (2011). The elements of collateral estoppel are present in this appeal. Whether the appellant's claim that the agency creation of a second accounting section in an auxiliary building but not placing that section under his supervision constituted a protected disclosure as raised in his IRA appeal is identical to the affirmative defense that he raises in this appeal, the issue was actually litigated in

the prior appeal, it was the critical issue in the jurisdictional determination that the Board lacked jurisdiction over *Jones v. Department of Health & Human Services*, MSPB Docket No. CH-1221-12-0125-W-2, and the appellant, the party precluded from relitigating the issue, had a full and fair opportunity to litigate the issue in the prior action. We therefore find that the appellant has not shown error in the administrative judge's ruling that the appellant is barred by collateral estoppel from relitigating the issue of whether his disclosure regarding the creation of the second accounting section was protected under the Whistleblower Protection Act. *See Jenkins v. Environmental Protection Agency*, 118 M.S.P.R. 161, ¶ 22 (2012).

¶11    We next address the appellant's allegations of age and sex discrimination. After he raised these claims below, RF, 22, the administrative judge set out the appropriate burdens of proof for these claims, RF, Tab 25, but the appellant submitted no documentary evidence in support of either claim. In his prehearing submission, he stated that he would call no witnesses, RF, Tab 9, although in a subsequent untimely submission, he requested that two agency employees be allowed to testify, RF, Tab 17, and he then asked that another employee be allowed to testify in place of one of the first two, RF, Tab 18. During the prehearing conference, the agency objected to the two witnesses on the ground of relevancy. Specifically, the agency argued that one of the witnesses was to testify regarding the Budget Technician position the appellant claimed he should have supervised, and that the other was to testify regarding the appellant's allegedly being denied computer access after his removal was proposed, and the administrative judge granted the objections. RF, Tab 20. The appellant generally noted his objection to the administrative judge's ruling. RF, Tab 22. At the hearing, after the agency rested, the administrative judge asked the appellant if he intended to testify and he replied that he would not do so. HT at 162. The administrative judge then noted that the agency had named the appellant as a witness, but when he expressed reservations about testifying under these

circumstances, the administrative judge stated that she would not require him to do so, but that she would draw "an adverse inference on anything where there are credibility determinations that I need to make if you do not exercise this opportunity to testify." *Id.* at 163. The appellant stated that he "chose not to." *Id.* The agency noted its objection, proffering that, if required to, the appellant would testify, inter alia, that he had no direct information that he was removed because of his age or sex. *Id.* at 164. Notwithstanding the administrative judge's repeated explanations of the significance of this matter, *id.* at 165-67, the appellant still declined to testify, *id.* at 167.

¶12    In addressing the appellant's claims of sex and age discrimination, the administrative judge found that he offered no evidence to support his allegations whereas the agency presented sworn evidence that his sex and age played no role in the decision to remove him, HT at 155-56 (testimony of the deciding official); HT at 43-44 (testimony of the proposing official), and that therefore, the appellant had failed to establish his claims of sex and age discrimination in connection with his removal. RID at 38-40. We find no support for the appellant's bare claim on review that he was denied the opportunity to "identify" his claims of sex and age discrimination. We further find that the administrative judge did not abuse her discretion in denying the two witnesses the appellant requested as he has not shown that either would provide relevant, material, and nonrepetitious testimony. *See* 5 C.F.R. § 1201.41(b)(3), (8), (10); *Alaniz v. U.S. Postal Service*, 100 M.S.P.R. 105, ¶ 9 (2005). Although the administrative judge indicated that she would draw an adverse inference from the appellant's refusal to testify, it is unclear whether she actually did so. Instead, she noted that the appellant offered no evidence whatsoever to support his allegations, other than his own assertions. Even if the administrative judge's statement could be deemed an adverse inference, the Board has held that it is proper for an administrative

judge to draw an adverse inference under such circumstances.[3] *Boal v. Department of the Army*, 51 M.S.P.R. 134, 137 (1991). We find, therefore, that the appellant has failed to show that the administrative judge erred in finding not sustained the appellant's allegations of sex and age discrimination. *See Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶¶ 41, 37 (2015).

¶13     Finally, on review, the appellant argues, as he did below, that the agency denied him due process in connection with the newly created Budget Technician position. RPFR File, Tab 1 at 6. Despite being advised of what due process is required in the context of an action taken against an employee; specifically, notice and an opportunity to respond, RF, Tab 21, and directed to identify the specific due process violation committed by the agency in its decision to remove him, the appellant failed to do so, RF, Tab 22. The administrative judge considered the appellant's several claims but found that they were not relevant to a due process violation claim and that, in any event, the record established that he received written notice of the charges against him and opportunities to respond to all the evidence relied upon by the deciding official. RID at 34-36. Beyond his mere disagreement, the appellant has not set forth any specific due process

---

[3] The appellant also alleges on review that the administrative judge improperly ruled his proffered evidence inadmissible. RPFR File, Tab 1 at 6. The evidence he referenced in his prehearing submission consisted of a Cass Lake Hospital organizational chart, a blank position description cover sheet, instructions, generally, for how to complete such a cover sheet, two pages from the IHS Performance Plan Reference Guide, and two pages of "People Smart," a document that appears to relate to orienting new IHS employees. RF, Tab 9. The agency objected to these documents on the basis of relevance. The administrative judge found that none of them related to the appellant's performance, RF, Tab 20, and she excluded them, RF, Tab 25. At the hearing, the administrative judge explained that the exhibits were denied because they related to the Budget Technician position that was the subject of the appellant's previous IRA appeal, and that such information was "irrelevant under many doctrines" and preluded by collateral estoppel. HT at 5. The appellant has not shown error in this ruling. To the extent he suggests on review that "each document identifies my duties and responsibilities as the First Line Supervisor or the Age, Gender, and Compensation of the Budget Technician . . . ." RPFR File, Tab 1 at 6, our review of the documents does not support the appellant's claim.

violation or otherwise shown error in the administrative judge's finding that he failed to establish his claim.  *See Pollak v. Department of the Treasury*, 99 M.S.P.R. 187, ¶ 9 (2005).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS[4]

You have the right to request further review of this final decision.  There are several options for further review set forth in the paragraphs below.  You may choose only one of these options, and once you elect to pursue one of the avenues of review set forth below, you may be precluded from pursuing any other avenue of review.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* title 5 of the U.S. Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

---

[4] The remand initial decision properly afforded the appellant notice of mixed case appeal rights but did not afford him notice of appeal rights under the Whistleblower Protection Enhancement Act of 2012.  We have appropriately provided notice of both types of appeal rights herein.

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Other Claims:  Judicial Review

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices described in 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction to review this final decision.  The court of appeals must receive your petition for review within 60 days after the date of this

order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:
http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
                              Jennifer Everling
                              Acting Clerk of the Board

Washington, D.C.