NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DERRICK W. MACON,**
*Petitioner*

**v.**

**OFFICE OF COMPLIANCE,**
*Respondent*

---

2017-1026

---

Petition for review of a decision of the Board of Directors of the Office of Compliance in No. 15-CP-48 (CV, AG, FL, RP).

---

Decided: June 12, 2017

---

DERRICK W. MACON, Upper Marlboro, MD, pro se.

JOHN UELMEN, Office of the General Counsel, Office of Compliance, Washington, DC, for respondent.

---

Before LOURIE, TARANTO, and CHEN, *Circuit Judges.*

PER CURIAM.

Derrick Macon is an employee of the United States Capitol Police ("Department"), which garnished his wages in response to a Maryland state-court judgment against Mr. Macon based on two credit-card debts. Mr. Macon challenged this garnishment with the Office of Compliance ("Office") under the procedures established by the Congressional Accountability Act. The Office construed Mr. Macon's complaint as alleging discrimination and violations of the Fair Labor Standards Act (FLSA), while recognizing that the complaint rested on the assertion that the writ of garnishment issued by the Maryland court listed only one of the two debts. The Office then dismissed the complaint for failure to state a claim on which relief could be granted, among other reasons. We agree that Mr. Macon's allegations fail to support a discrimination or FLSA claim. Therefore, we affirm.

I

Mr. Macon has been employed by the Department since 1985. On August 4, 2011, he was sued in Maryland state court by NRL Federal Credit Union to collect on two credit-card debts—one for $8,518.31, the other for $20,756.70. The state court entered a default judgment against Mr. Macon, awarding the credit union the two debt amounts claimed, plus pre- and post-judgment interest on both debts and court costs.

On April 23, 2013, the credit union requested that the state court issue a writ of garnishment for $38,407.13, the total amount owed at the time under the default judgment.[1] The writ issued on May 13, 2013. The writ on its

---

[1]    In this court, Mr. Macon does not dispute that the $38,407.13 sum correctly represented the debt and interest owed under the judgment, *see* Pet'r's Br. 4, although, as explained later, he does dispute whether a writ of garnishment ever issued for the $20,765.70 debt.

face gives $8,518.31 as the amount of the underlying judgment, but the writ also states, "See Attachments." According to the Department, one such attachment was the default judgment for both debts. Mr. Macon does not dispute that contention.

On July 24, 2013, Mr. Macon received notice from the Department that the writ had issued and his wages would be garnished until the $38,407.13 was paid in full. Pet'r's Br. Ex. 2. The garnishment began on August 7 or 8, 2013 (the difference is immaterial here). Pet'r's Br. Ex. 3. Mr. Macon subsequently sought relief from the state court multiple times, but he was unsuccessful. On March 16, 2015, the Department notified Mr. Macon that it would withhold an additional $4,246.69 for accrued post-judgment interest. Pet'r's Br. Ex. 1.

On July 17, 2015, Mr. Macon began the process of seeking relief with the Office of Compliance under the Congressional Accountability Act. *See* 2 U.S.C. §§ 1301–1438. He filed a request for counseling on that day. According to the Hearing Officer at the Office, the complaint asserted disparate treatment and age discrimination, retaliation, and a violation of the FLSA, which are within the coverage of the Act, 2 U.S.C. §§ 1311, 1313. On August 21, 2015, Mr. Macon requested mediation under 2 U.S.C. § 1403. Pet'r's Br. Ex. 5.

On December 28, 2015—after mediation ended, and after the state court was notified that both debts had been satisfied—Mr. Macon filed a complaint against the Department under 2 U.S.C. § 1405. In his complaint, he claimed that the Department illegally withheld more money than was authorized by the writ of garnishment. The Department moved to dismiss the complaint on three grounds: (1) that the request for counseling was untimely, because it was not filed within 180 days after Mr. Macon had notice of his cause of action; (2) that the claims were barred by "res judicata" (seemingly covering claim

and issue preclusion); and (3) that Mr. Macon had not identified a material adverse action, as necessary for his discrimination and retaliation claims, and had not stated a claim for relief under the FLSA.

The Hearing Officer agreed with all three of the Department's arguments, determining that Mr. Macon's request for counseling was untimely filed, his complaint failed to state a discrimination or FLSA claim, and his challenges to the writ of garnishment were barred by collateral estoppel (issue preclusion). Mr. Macon appealed to the Office's Board of Directors under 2 U.S.C. § 1406. The Board affirmed the Hearing Officer's findings and legal conclusions.

Mr. Macon appeals. We have jurisdiction to review the Board's decision under 2 U.S.C. § 1407(a)(1)(A).

II

The Board agreed with the Hearing Officer that Mr. Macon's complaint failed to state a claim on which relief could be granted. Resp't's App. 1; *see* Office of Compliance, Procedural Rules of the Office of Compliance § 5.03(a) (Nov. 2016), *available at* http://www.compliance. gov/sites/default/files/Procedural%20Rules_508.pdf ("A Hearing Officer may, after notice and an opportunity to respond, dismiss any claim that the Hearing Officer finds to be frivolous or that fails to state a claim upon which relief may be granted, including, but not limited to, claims that were not advanced in counseling or mediation."). As relevant here, we may set aside the Board decision only "if it is determined that the decision was—(1) arbitrary, capricious, an abuse of discretion, or otherwise not consistent with law; (2) not made consistent with required procedures; or (3) unsupported by substantial evidence." 2 U.S.C. § 1407(d). We see no such error.

A

According to 2 U.S.C. § 1311(a), "[a]ll personnel actions affecting [employees covered by the Congressional Accountability Act] shall be made free from any discrimination based on (1) race, color, religion, sex, or national origin, within the meaning of [42 U.S.C. § 2000e-2]" or "(2) age, within the meaning of [29 U.S.C. § 633a]." The Board determined that Mr. Macon failed to state a discrimination claim. We agree.

On its face, the complaint filed under 2 U.S.C. § 1405 does not allege that the Department's actions were based on race or age discrimination. It alleges only that the Department acted outside its authority when it garnished Mr. Macon's wages above the amount listed on the face of the writ of garnishment. *See* Record Before the Agency at 776–86. Although the complaint alleges that the Department's actions violated various District of Columbia employment laws, the Congressional Accountability Act does not extend to such violations. *See* 2 U.S.C. § 1407(a)(1); *id.* §§ 1311–1317.

In any event, if there is an implicit allegation of discrimination in the complaint, it was properly dismissed. The adverse action about which Mr. Macon complains is the garnishment of $20,765.70 (plus interest) for the second debt. Pet'r's Br. 4. He argues that the state court did not issue a writ of garnishment for that debt, but only for the $8,518.31 debt (plus interest). *Id.* But Mr. Macon failed to allege any facts that provided a plausible basis for inferring that the Department acted for any reason other than to fulfill its legal duty regarding garnishment.

"The garnishment provision of the Hatch Act Reform Amendments of 1993, 5 U.S.C. § 5520a(b), subjects the pay of federal agency employees to legal process 'in the same manner and to the same extent as if the agency were a private person.'" *First Va. Bank v. Randolph*, 110 F.3d 75, 76 (D.C. Cir. 1997) (quoting 5 U.S.C. § 5520a(b)).

The requirements of § 5520a extend to employees of the legislative branch. *See* 5 U.S.C. § 5520a(a)(1)(D). Accordingly, the Department had to withhold money from Mr. Macon's wages if a private person would have had to do so.

Maryland law is relevant here. "When an attachment is levied against the wages of a judgment debtor, it shall constitute a lien on all attachable wages that are payable at the time the attachment is served or which become payable until the judgment, interest, and costs, as specified in the attachment are satisfied." Md. Code Ann. Com. Law § 15-602(a). Further, "[w]hile the attachment remains a lien, the employer/garnishee shall withhold all attachable wages payable to the judgment debtor and remit the amount withheld to the judgment creditor or his legal representative within 15 days after the close of the last pay period in each month." *Id.* § 15-603(a).

Mr. Macon does not dispute the applicability of those provisions to part of the amount garnished. He argues, however, that the Department was not required or even authorized to withhold wages for the $20,756.70 debt (and interest) because a writ of garnishment was never issued for that debt. But we see no reversible error in the Board's affirmance of the Hearing Officer's contrary determination. We note that the Hearing Officer relied on the certified record from the state-court proceeding, particularly the default judgment and related docket entries, attached to the Department's motion to dismiss, and Mr. Macon does not challenge that reliance here. The certified record amply supports the Hearing Officer's determination.

Although a May 7, 2012 docket entry notes a judgment for $8,518.31, another entry from the same day states that judgment is entered "in the sum of $8,518.31 with interest at 10.9% per annum from April 12, 2010 until judgment and thereafter at the judgment rate of

interest, plus $20,756.70 together with interest at 9.9% per annum from March 18, 2010 until judgment and thereafter at the judgment rate of interest." Record Before the Agency at 101–02. Further, the order granting the credit union's summary-judgment request contains a judgment for both amounts. *Id.* at 178. Mr. Macon does not dispute that the default judgment was issued for the two-debt amount, not the one-debt amount. Pet'r's Br. 4. Additionally, although the writ of garnishment lists a judgment amount of $8,518.31, it also includes a notation to "See Attachments." Record Before the Agency at 159. The Department contended to the Hearing Officer that the judgment reflecting the correct amount owed was attached to the writ, and Mr. Macon does not dispute the Hearing Officer's acceptance of that contention.

Regardless, we have been presented no basis for disturbing the Hearing Officer's conclusion that standard principles of issue preclusion barred Mr. Macon from disputing the writ's validity as to both debts (and related interest). *See Kroeger v. U.S. Postal Serv.*, 865 F.2d 235, 239 (Fed. Cir. 1988) (issue preclusion doctrine generally bars a party from raising an issue previously litigated where "(i) the issue previously adjudicated is identical with that now presented, (ii) that issue was actually litigated in the prior case, (iii) the previous determination of that issue was necessary to the end-decision then made, and (iv) the party precluded was fully represented in the prior action") (internal quotation marks omitted). Mr. Macon challenged the contents of the issued writ while before the Maryland court, arguing that the writ did not list the correct amount. Record Before the Agency at 146–56. The Maryland court rejected Mr. Macon's arguments. *Id.* at 145. And Mr. Macon does not dispute that he was fully represented. He has identified no ground for allowing him to relitigate the amount of the writ-covered debt in this proceeding.

In sum, there is simply no basis in Mr. Macon's complaint to suggest that the garnishment here reflected any discrimination, as opposed to clear garnishment duties of the Department.

## B

The Congressional Accountability Act extends to covered employees the protections of the FLSA codified at 29 U.S.C. §§ 206(a)(1), 206(d), 207, 212(c). *See* 2 U.S.C. § 1313(a)(1). The Board determined that Mr. Macon did not plead enough to state a FLSA claim. We see no reversible error in that determination.

The only potentially applicable FLSA provision is 29 U.S.C. § 207(a)(1), which provides, with exceptions not relevant here, that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." *Id.* But Mr. Macon's complaint can only reasonably be read as basing the FLSA claim on the argument that the Department withheld more than was allowed under the writ of garnishment. For the reasons previously stated, that argument is barred by issue preclusion. Mr. Macon provides no other reason that the Department's actions violated the FLSA. Accordingly, the Board properly dismissed Mr. Macon's FLSA claim.

## III

Because we determine that the Board properly dismissed Mr. Macon's complaint for failure to state a claim on which relief may be granted, we need not consider the other grounds for dismissal. We affirm the decision of the Board.

No costs.

**AFFIRMED**