**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

FAYE DENISE TAYLOR,
               Appellant,

       v.

DEPARTMENT OF THE ARMY,
               Agency.

DOCKET NUMBER
DC-0752-22-0665-I-1

DATE: August 20, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Daniel K. Gebhardt, Esquire, Washington, D.C., for the appellant.

Richard F. Kane, Esquire, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her alleged involuntary retirement appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2	The appellant, a GS-13 Financial Analyst employed with the Chief of Information Office in Fort Belvoir, Virginia, sustained a work-related injury on March 9, 2017. Initial Appeal File (IAF), Tab 5 at 15, Tab 11 at 9. On October 18, 2018, after the Office of Workers Compensation Program (OWCP) terminated her benefits and she exhausted all her leave, she applied for retirement, which was effective October 31, 2018. IAF, Tab 1 at 6, Tab 5 at 17-20, Tab 8 at 4, Tab 11 at 13-15. On August 25, 2022, the agency issued a final decision on the appellant's mixed case equal employment opportunity (EEO) complaint, finding that the appellant failed to prove her constructive discharge (involuntary retirement) claim based on disability discrimination.[2] IAF, Tab 1 at 8-16. On September 23, 2022, the appellant timely filed her Board appeal. *Id.* at 4.

¶3	The administrative judge issued a jurisdictional order advising the appellant of what she must allege to establish the Board's jurisdiction and directed her to file evidence and argument regarding the issue of jurisdiction. IAF, Tab 4. In response, the appellant submitted an affidavit in which she alleged that she submitted a reasonable accommodation request for full-time telework along with supporting medical documentation in January 2018, but that the agency failed to act on her request until October 25, 2018, shortly before the effective date of her retirement. IAF, Tab 5 at 17-19. She alleged that, in its October 25, 2018 memorandum, the agency purported to deny her reasonable accommodation request, requested that she submit additional medical documentation, and threatened her with absence without leave. *Id.* at 18-19. The agency filed a response, disputing the appellant's contention that it failed to act on her reasonable accommodation request before October 2018 by presenting evidence

---

[2] The final agency decision stated that the appellant's other claims in her original EEO complaint were pending before an Equal Employment Opportunity Commission (EEOC) administrative judge. IAF, Tab 5 at 15.

that it denied her request for full-time telework on January 31, 2018, based on its determination that the essential duties of her position required her presence in the workplace. IAF, Tab 11 at 12, 108-11. It also presented evidence of documentation submitted by the appellant from her neuropsychologist dated March 22, 2018, indicating that the appellant would benefit from a return to telecommuting but that the neuropsychologist would revise her recommendation in 6 weeks. *Id.* at 107. The agency also submitted a letter from the Office of Workers Compensation Program (OWCP) dated June 19, 2018, notifying the appellant that it would be terminating her OWCP benefits based on the opinion of an OWCP contract physician that she was fit to return to duty. *Id.* at 13, 92-93.

¶4    Without holding a hearing, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 28, Initial Decision (ID). Concerning the appellant's claim of involuntary retirement based on disability discrimination, she found that the appellant failed to make a nonfrivolous allegation that the agency unreasonably denied her reasonable accommodation request for full-time telework. ID at 11-12. She reasoned that the appellant failed to provide updated medical documentation after March 2018 and failed to allege that, contrary to the agency's assertions, she was able to continue performing the essential duties of her position via telework as a reasonable accommodation. ID at 11-12.

¶5    The appellant has filed a timely petition for review, arguing, among other things, that the administrative judge erred by making factual determinations based on the agency's submissions and in dismissing her appeal without holding a hearing. Petition for Review (PFR) File, Tab 5 at 3-8. She expressly disputes the agency's assertion that she failed to provide updated medical documentation after March 2018 and its proffered reasons for why she could not telework in her position.[3] PFR File, Tab 5 at 5-8, Tab 8 at 5. The agency has responded in

_____

[3] In support of her contentions, the appellant submits excerpts from witness testimony at her 4-day hearing before an EEOC administrative judge in June 2023, which she asserts was not available prior to the issuance of the initial decision on July 25, 2023. PFR File, Tab 5 at 4-5, Tab 8 at 8-12. This evidence is immaterial to our disposition in this

opposition to the appellant's petition for review, PFR File, Tab 6, and the appellant has replied to the agency's response, PFR File, Tab 8.

## ANALYSIS

¶6 An employee-initiated action, such as a retirement, is presumed to be voluntary, and thus outside the Board's jurisdiction. *See Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 17 (2007). An involuntary retirement, however, is equivalent to a forced removal and therefore within the Board's jurisdiction. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1328 (Fed. Cir. 2006) (en banc). When allegations of discrimination are alleged in connection with a determination of voluntariness, such evidence may only be addressed insofar as it relates to the issue of voluntariness and not whether the evidence would establish discrimination as an affirmative defense. *Pickens v. Social Security Administration*, 88 M.S.P.R. 525, ¶ 6 (2001). Thus, evidence of disability discrimination or reprisal goes to the ultimate question of coercion. *Id.*

¶7 The elements of a prima facie case of disability discrimination based on a failure to accommodate include a showing that the appellant is a qualified individual with a disability, that the action appealed was based on her disability, and, to the extent possible, an articulation of a reasonable accommodation under which the appellant believes that she could perform the essential duties of her position or of a vacant position to which she could be reassigned. *Id.*, ¶ 7; *see also Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶¶ 28-29; *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 35-42. Ultimately, the appellant must prove that she is a qualified individual with a disability, meaning that she can perform the essential functions of her position with or without reasonable accommodation. *Pickens*, 88 M.S.P.R. 525, ¶ 7. However, to meet her burden of proof with respect to establishing a prima facie case, the appellant need merely articulate a reasonable accommodation under

appeal.

which she believes she could perform the essential duties of her position or of a vacant position to which she could be reassigned. *Id.*

¶8 Once the appellant presents nonfrivolous allegations of Board jurisdiction, she is entitled to a hearing at which she must prove jurisdiction by preponderant evidence. *Garcia*, 437 F.3d at 1344. In determining whether the appellant has made a nonfrivolous allegation of jurisdiction entitling her to a hearing, an administrative judge may consider an agency's documentary submissions; however, to the extent the agency's evidence contradicts the appellant's otherwise adequate prima facie showing of jurisdiction, the administrative judge may not weigh evidence and resolve conflicting assertions, and the agency's evidence may not be dispositive. *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994).

¶9 Here, the appellant has raised nonfrivolous allegations of Board jurisdiction. IAF, Tabs 1, 5; PFR File, Tabs 5, 8. She submitted an affidavit in which she alleged that her retirement was involuntary because the agency denied her request for telework as a reasonable accommodation that would have permitted her to continue working despite her medical conditions. IAF, Tab 5 at 15-17. This suffices as a nonfrivolous allegations of involuntary retirement based on disability discrimination sufficient to warrant a jurisdictional hearing. *E.g.*, *Carey v. Department of Health and Human Services*, 112 M.S.P.R. 106, ¶ 7 (2009); *see Pickens*, 88 M.S.P.R. 525, ¶ 7.

¶10 The administrative judge, however, did not provide the appellant with an opportunity for a jurisdictional hearing. Instead, relying on the agency's assertions and evidentiary submissions, she concluded that the appellant did not provide sufficient medical documentation to support her reasonable accommodation request. ID at 11. This was error because an administrative judge may not weigh evidence or resolve conflicting assertions regarding disputed facts material to the question of jurisdiction without affording the appellant the opportunity for a hearing. *Carey*, 112 M.S.P.R. 106, ¶ 8; *Ferdon*, 60 M.S.P.R. at 329-30. Furthermore, in finding that the appellant failed to rebut

the agency's decision that telework was not feasible given the essential duties of her position on a more-than-conclusory level, the administrative judge erred in imposing a greater burden of proof upon the appellant than required by the Board's case law.[4]  ID at 11-12; *see Pickens*, 88 M.S.P.R. 525, ¶ 7.  Therefore, we find that the administrative judge erred in denying the appellant the opportunity for a jurisdictional hearing.[5]

¶11    In response to the appellant's petition for review, the agency argues that the September 27, 2023 decision of an Equal Employment Opportunity Commission (EEOC) administrative judge on the appellant's non-mixed EEO complaint collaterally estops the appellant from pursuing her claim of involuntary retirement based on disability discrimination before the Board.  PFR File, Tab 6 at 20-21, 24-35.  Collateral estoppel, or issue preclusion, is appropriate when:  (1) an issue is identical to that involved in the prior action; (2) the issue was actually litigated in the prior action; (3) the determination on the issue in the prior action was necessary to the resulting judgment; and (4) the party precluded was fully represented in the prior action.  *Kroeger v. U.S. Postal Service*, 865 F.2d 235, 239 (Fed. Cir. 1988); *Otterstedt v. U.S. Postal Service*, 96 M.S.P.R. 688, ¶ 10 (2004).  An EEOC appeal does not have to involve the same cause of

---

[4] Even if the appellant's allegations below concerning the feasibility of telework were insufficiently specific to meet the Board's nonfrivolous standard, *see* 5 C.F.R. § 1201.4(s), we find that the appellant meets this standard based on her pleadings on review, *see* PFR File, Tab 8 at 5; s*ee generally Pirkkala v. Department of Justice*, 123 M.S.P.R. 288, ¶ 5 (2016 (stating that the Board will consider submissions on review that are relevant to the issue of Board jurisdiction).

[5] We see no reason to disturb the administrative judge's conclusion that the appellant did not raise nonfrivolous allegations that she suffered harassment or intolerable working conditions that rendered her retirement involuntary.  ID at 12-13; *see Markon v. Department of State*, 71 M.S.P.R. 574, 577 (1996) (explaining that intolerable working conditions may render an action involuntary if the employee demonstrates that the employer or agency engaged in a course of action that made working conditions so difficult or unpleasant that a reasonable person in that employee's position would have felt compelled to resign).  However, if any argument or evidence presented by the appellant on remand concerning her failure to accommodate claim affects the administrative judge's analysis of her claim of harassment or intolerable working conditions, she should address such argument or evidence in the remand initial decision.

action at issue in a Board appeal for collateral estoppel to apply, but the legal matter raised must involve the same set of events or documents and the same bundle of legal principles that contributed to the rendering of the first judgment. *See Tanner v. U.S. Postal Service*, 94 M.S.P.R. 417, ¶ 11 (2003); *Dorsey v. Department of the Air Force*, 78 M.S.P.R. 439, 444-45 (1998).

¶12    Collateral estoppel may only be applied when there is a final judgment in the previous litigation. *See Zgonc v. Department of Defense*, 103 M.S.P.R. 666, ¶ 6 (2006), *aff'd*, 230 F. App'x 967 (Fed. Cir. 2007).  In her December 11, 2023 reply to the agency's response to her petition for review, the appellant asserted that she intended to file an appeal of the decision to the EEOC's Office of Federal Operations within the deadline for appeal.  PFR File, Tab 8 at 4.  Based on the appellant's assertion and the deadline for appeal set forth in the administrative judge's decision, we find insufficient evidence to conclude that a final judgment has been issued in the appellant's non-mixed EEO matter.[6]  PFR File, Tab 6 at 33, Tab 8 at 4.  Therefore, assuming, without deciding, that all other collateral estoppel requirements are met with respect to the EEOC administrative judge's decision, we decline to apply collateral estoppel at this time.  *Cf. Zgonc*, 103 M.S.P.R. 666, ¶ 6 (declining to dismiss an appellant's Board appeal on collateral estoppel grounds when the Board had not yet ruled on the appellant's petition for review on her first appeal).

---

[6] The EEOC administrative judge's September 27, 2023 decision indicates that the agency was required to issue a final order within 40 calendar days of receipt of the hearing file and decision, and, after receipt of the agency's final order, the complainant would have 30 days to file an appeal to the EEOC's Office of Federal Operations.  PFR File, Tab 6 at 33.  However, the decision stated that, if the agency failed to issue a final order, the appellant would have the right to file her own appeal any time after the conclusion of the agency's 40-day period for issuing a final order.  *Id.*  Thus, we accept the appellant's claim that the deadline for appeal had not yet passed.

**ORDER**

¶13     For the reasons discussed above, we remand this case to the regional office for a jurisdictional hearing on the appellant's involuntary retirement claim.[7] If, on remand, the administrative judge determines that the appellant's resignation was involuntary and the Board has jurisdiction over this appeal, the administrative judge shall adjudicate the appellant's discrimination claim on the merits under the substantive standards of antidiscrimination law. *See Hosozawa v. Department of Veterans Affairs*, 113 M.S.P.R. 110, ¶ 8 (2010); *Carey*, 112 M.S.P.R. 106, ¶ 9.

¶14     On remand, the administrative judge should permit the parties to submit additional evidence and argument on the collateral estoppel issue, including whether there has been a final adjudication of the appellant's EEO matter. If either party submits evidence of such, the administrative judge should consider the effect of such decision on the appellant's involuntary retirement claim. *See Dorsey*, 78 M.S.P.R. at 450. The administrative judge should consider whether collateral estoppel should apply to the EEOC's findings concerning disability discrimination or harassment and, even if collateral estoppel does not apply, whether the Board should give deferential effect to those findings. *See Morman v. Department of Defense*, 90 M.S.P.R. 197, ¶ 21 (2001). If the administrative

---

[7] The appellant argues that the administrative judge erred by failing to rule on her motion for an extension of time to resolve discovery disputes, and she avers that the agency has still not responded to her discovery requests. PFR File, Tab 3; *see* IAF, Tab 27 at 3. We agree that the administrative judge erred by not issuing a ruling on the appellant's request for an extension of time. *See Beadle v. Department of the Army*, 40 M.S.P.R. 193, 196 (1989). Nevertheless, the appellant submitted her motion over 4 months before the issuance of the initial decision, at which point the extension of time that she requested, i.e., 14 days, was well past. IAF, Tab 27 at 3; ID. There is no indication that she contacted the administrative judge to request a ruling on her motion, nor did she submit a motion to compel regardless of timeliness. *See* 5 C.F.R. § 1201.73(c)(1) (If a party fails or refuses to respond in full to a discovery request, the requesting party may file a motion to compel discovery). The appellant is free to file a motion to compel with the administrative judge on remand, but the motion would be untimely, *see* 5 C.F.R. § 1201.73(d)(3), and she must establish good cause for her delay, *see* 5 C.F.R. § 1201.55(c).

judge determines that the appellant's involuntary retirement claims are wholly precluded, she need not hold a jurisdictional hearing. *See Bryant v. Merit Systems Protection Board*, 878 "F.3d 1320, 1328-29 (Fed. Cir. 2017).

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.